```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
                                         :     18cv76(DLC)
HOUND PARTNERS OFFSHORE FUND, LP,        :
HOUND PARTNERS LONG MASTER LP, and       :     OPINION AND ORDER
HOUND PARTNERS CONCENTRATED MASTER LP,   :
                                         :
                                         :
                    Plaintiffs,          :
                                         :
            -v-                          :
                                         :
VALEANT PHARMACEUTICALS INTERNATIONAL,   :
INC., J. MICHAEL PEARSON, HOWARD B.      :
SCHILLER, ROBERT S. ROSIELLO, DEBORAH    :
JORN, ARI S. KELLEN, TANYA CARRO,        :
ROBERT A. INGRAM, RONALD H. FARMER,      :
COLLEEN GOGGINS, THEO MELAS-KYRIAZA,     :
ANDERS LÖNNER, ROBERT N. POWER, NORMA    :
PROVENCIO, KATHERINE B. STEVENSON,       :
PRICEWATERHOUSECOOPERS LLP, DEUTSCHE     :
BANK SECURITIES INC., HSBC SECURITIES    :
(USA) INC., MUFG SECURITIES AMERICAS     :
INC. f/k/a MITSUBISHI UFJ SECURITIES     :
(USA) INC., DNB MARKETS INC., BARCLAYS   :
CAPITAL, INC., MORGAN STANLEY & CO.      :
LLC, RBC CAPITAL MARKETS, LLC, and       :
SUNTRUST ROBINSON HUMPHREY, INC.,        :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

For the plaintiffs:
Chad Johnson
Jennifer Barrett
Steig D. Olson
Rollo C. Baker
Kathryn Bonacorsi
Jesse Bernstein
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

For defendants Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins, Robert A. Ingram, Anders Lönner, Theo Melas-Kyriaza, Robert N. Power, Norma Provencio, and Katharine B. Stevenson:

Paul C. Curnin
Jonathan K. Youngwood
Craig S. Waldman
Daniel J. Stujenske
Dean McGee
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

For defendants Deutsche Bank Securities, Inc., HSBC Securities (USA) Inc., MUFG Securities Americas Inc., DNB Markets Inc., Barclays Capital Inc. Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, and Suntrust Robinson Humphrey, Inc.:
Richard A. Rosen
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019

For defendant Tanya Carro:
William J. Schwartz
Laura G. Birger
Cooley LLP
1114 Avenue of the Americas
New York, New York 10036

For defendant Deborah Jorn:
Cara David
Barry A. Bohrer
Michael L. Yaeger
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022

For defendant J. Michael Pearson:
Holly S. Wintermute
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022

Jonathan R. Tuttle
Ada F. Johnson
Debevoise & Plimpton LLP
801 Pennsylvania Avenue, NW
Washington, D.C. 20004


For defendant PricewaterhouseCoopers LLP:
James J. Capra

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036

Kenneth Y. Turnbull
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006

For defendant Howard B. Schiller:
Robert Y. Sperling
Joseph L. Motto
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601

DENISE COTE, District Judge:

After Valeant Pharmaceuticals International, Inc.'s ("Valeant") stock price declined by nearly 90% between August 2015 to June 2016, numerous lawsuits were brought against it and related parties for, inter alia, securities fraud.  The United States District Court for the District of New Jersey has before it twenty-seven such actions, consisting of a class action and twenty-six associated "opt-out" actions.  This lawsuit is the twenty-eighth filed against Valeant.  Defendants have moved to transfer this action to the District of New Jersey under 28 U.S.C. § 1404 ("Section 1404").

In seeking to avoid transfer, plaintiffs Hound Partners Offshore Fund LP, Hound Partners Long Master LP, and Hound Partners Concentrated Master LP (collectively, "Hound Partners") primarily argue that the Securities Litigation Uniform Standards Act ("SLUSA") precludes, or at the very least counsels against,

transfer.  They contend that because they have brought state law claims in addition to their federal claims, and because SLUSA will likely preclude consideration of these state law claims in the District of New Jersey, that the District of New Jersey is not a place where this action "might have been brought," as is required to transfer an action under Section 1404.  In the alternative, they contend that the efficiencies the defendants seek to obtain from transfer are illusory, because this action either will not be able to be coordinated with the other actions pending against Valeant, or the state law claims will need to be re-filed in state court.

For the following reasons, the District of New Jersey is a court where this action "might have been brought," within the meaning of Section 1404.  After balancing the discretionary considerations applicable on a motion to transfer, the advantages of transfer to the District of New Jersey clearly outweigh any benefits of the case remaining in this district.  Therefore, defendants' February 2, 2018 motion to transfer the case to the District of New Jersey is granted.

## BACKGROUND

The following facts are either undisputed, or drawn from the complaint.  Hound Partners consists of three limited partnerships incorporated in the Cayman Islands, with a principal place of business in New York.  Each of the Hound

4

Partners entities is managed and completely controlled by Hound Partners LLC, from its New York office.  Defendant Valeant is a Canadian corporation.  Valeant's U.S. headquarters is located in Bridgewater, New Jersey.  Valeant is one of the largest pharmaceutical companies in the United States, and its stock trades on the New York Stock Exchange.

Hound Partners made substantial purchases of Valeant's stock between January 4, 2013 and March 14, 2016.  From August 2015 to June 2016, Valeant's stock price dropped from $262 to under $25.  As a result of that decline, the value of Hound Partners' investments decreased by hundreds of millions of dollars.  Hound Partners claims that it was duped into making its investments through Valeant's allegedly fraudulent public statements, as well as individual conversations that its managers had with Valeant's management team.

On October 22, 2015, a putative securities class action was filed against Valeant in the District of New Jersey.  On June 24, 2016, the appointed lead plaintiffs filed a consolidated complaint asserting federal law claims under various provisions of the Exchange Act and Securities Act.  In addition, 26 "opt-out" cases asserting similar claims by plaintiffs preferring to pursue their claims on an individual basis have been brought against Valeant in the District of New Jersey.  All of these actions have been assigned to the Honorable Michael A. Shipp.

Judge Shipp has, to date, resolved a motion to dismiss the class action complaint, and two motions to dismiss ten of the opt-out actions. Coordinated discovery was underway and being managed by Judge Shipp and the designated magistrate judge. A joint protective order is entered in all of the cases. The actions are currently stayed, however, except as to certain document production and the briefing and resolution of motions to dismiss, pending the resolution of <u>United States v. Tanner</u>, No. 17cr61 (LAP) (S.D.N.Y.), a criminal matter involving two former Valeant employees. Both the discovery and stay orders apply not only to all cases currently pending against Valeant, but also "any subsequent related actions filed in the District of New Jersey."

    Judge Shipp's latest opinion addressing motions to dismiss, <u>Discovery Glob. Citizens Master Fund, Ltd. v. Valeant Pharm Int'l Inc.</u>, 2018 WL 406046 (D.N.J. Jan. 12, 2018), is particularly relevant here. Judge Shipp ruled that a state law claim for negligent misrepresentation could not proceed in that court because the opt-out actions constituted a "covered class action" under SLUSA. 2018 WL 406046 at *5-6 ("[T]he level of coordination in these related matters -- whether the Court considers only these six actions; these six actions and the class action; or these six actions, the class action, and the other opt-out actions -- triggers SLUSA preemption.").

6

Accordingly, only civil federal law claims will proceed in the District of New Jersey.

On January 4, 2018, Hound Partners filed a complaint in this district. The complaint asserts federal securities law claims, as well as state law claims under New Jersey common law and New Jersey's Racketeer Influenced and Corruption Organizations Act. On February 2, 2018, the defendants filed a motion to transfer this case pursuant to Section 1404 to the District of New Jersey. On March 6, the defendants filed partial motions to dismiss certain claims. A March 9 Order stayed further briefing on the motions to dismiss pending resolution of the motion to transfer. The motion to transfer became fully submitted on March 28.

## DISCUSSION

Section 1404 provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute, therefore, sets out a two-step inquiry. The movant must first establish that the proposed transferee district is a district in which the action "might have been brought." Only after this prerequisite is established are considerations of convenience and the interests of justice balanced.

7

**I.   This Lawsuit "Might Have Been Brought" in the District of New Jersey**

The Supreme Court has defined the term "might have been brought" in Section 1404 as follows:

> If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where [the action] might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum.

Hoffman v. Blaski, 363 U.S. 335, 344 (1960) (quoting Blaski v. Hoffman, 260 F.3d 317, 321 (7th Cir. 1958)).  Hoffman addressed the question of whether personal jurisdiction and venue must have been available in the transferee district, but its reasoning applies as well to the existence of subject matter jurisdiction in the transferee court.  See, e.g., Lloyd v. F.D.I.C., 22 F.3d 335, 338 (1st Cir. 1994); Torres v. Walsh, 221 F.3d 319, 321 (2d Cir. 1955).

If a case is to be transferred under Section 1404, it is ordinarily the entire case, and not a portion thereof, that must be transferred.  Wyndham Assoc. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968).  Thus, even if only one claim in the action could not be brought in the transferee district, the case cannot

be transferred. Id.[1] The present motion requires a determination of whether this entire action "might have been brought" in the District of New Jersey at its commencement. See Hoffman, 363 U.S. at 344; Schertenleib v. Traum, 589 F.2d 1156, 1161 (2d Cir. 1978).

Hound Partners asserts that this action could not have been brought in the District of New Jersey because SLUSA bars its state law claims from proceeding there.[2] SLUSA bars pursuit of certain state law claims in actions covered by SLUSA. It provides as follows:

> CLASS ACTION LIMITATIONS. <u>No covered class action based upon</u> the statutory or common <u>law of any State</u> or subdivision thereof <u>may be maintained</u> in any State or Federal court by any private party alleging—
>
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

(codified as amended at 15 U.S.C. § 78bb(f)(1)) (emphasis supplied). The key term, a "covered class action," is defined

---

[1] In exceptional circumstances, a court might possess authority to sever claims prior to transfer. See Wyndham, 398 F.2d at 618. No party suggests such a course would be appropriate here.

[2] It is undisputed that subject matter jurisdiction, personal jurisdiction, and venue would otherwise lie in the District of New Jersey.

as:

> (i) any single lawsuit in which—
>
> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
>
> (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or
>
> (ii) <u>any group of lawsuits filed in or pending in the same court</u> and involving common questions of law or fact, in which—
>
> (I) damages are sought on behalf of more than 50 persons; and
>
> (II) <u>the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose</u>.

15 U.S.C. § 78bb(f)(5)(B) (emphasis supplied). The District of New Jersey has already held that the opt-out actions proceeding before that court are a "covered class action," as defined by SLUSA. See <u>Discovery Glob. Citizens Master Fund</u>, 2018 WL 406046, at *5-6. If this action is transferred to the District of New Jersey, it is expected that that court will also deem this action to be part of a "covered class action" pursuant to SLUSA, which will bar the pursuit of the plaintiffs' state law

10

claims before that court.

Despite the expected dismissal in the District of New Jersey of Hound Partners' state law claims, that district is a place where its state law claims "might have been brought." 28 U.S.C. § 1404. It is assumed, without deciding, that SLUSA requires dismissal of any state law claims in a covered class action for want of subject-matter jurisdiction.[3] Nonetheless, the "might have been brought" inquiry focuses on the presence of subject-matter jurisdiction at the time a lawsuit is filed. This suit is a "covered class action," if it all, only if it meets the conditions of § 78bb(f)(5)(B)(ii). SLUSA preemption therefore occurs only as a result of a post-filing decision by a court. Because the District of New Jersey would have had subject matter jurisdiction over every claim in the action at the time of filing, and will only lose jurisdiction over the state law claims as a result of that post-filing inquiry, a

---

[3] Courts have held that SLUSA preclusion deprives a court of subject-matter jurisdiction over the claims, rather than requiring dismissal of such claims for failure to state a claim. See Hampton v. Pac. Inv. Mgmt. Co. LLC, 869 F.3d 844, 847 (9th Cir. 2017); In re Lord Abbett Mut. Funds Fee Litig., 553 F.3d 248, 254 (3d Cir. 2009); see also In re Kingate Mgmt. Ltd. Litig., 784 F.3d 128, 135 n.9 (2d Cir. 2015) (strongly suggesting that SLUSA preclusion is jurisdictional). Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit observes that SLUSA preemption "simply denies plaintiffs the right to use the class-action device to vindicate certain claims." 547 U.S. 71, 87 (2006). As such, "[a] dismissal under SLUSA would not be with prejudice, barring a plaintiff from filing a new, non-covered action asserting the same claims against the same defendants." Kingate, 869 F.3d at 847.

transfer to the District of New Jersey is permitted.

Hound Partners cannot dispute that the loss of jurisdiction on the state law claims it brings will only occur as of the moment that this lawsuit qualifies as one of a "group of lawsuits" that is "joined, consolidated, or otherwise proceed[s] as a single action" pursuant to SLUSA.  15 U.S.C. § 78bb(f)(5)(B)(ii)(II).  Indeed, they acknowledge that if the case is transferred, they will have to oppose coordination in order to preserve their state law claims.

Hound Partners relies on two decisions in support of their position that an anticipated loss of jurisdiction over state law claims defeats a transfer.  In both decisions, a motion to transfer was denied because it was anticipated that SLUSA preemption would lead to dismissal of state law claims following transfer.  Vanguard Specialized Funds v. VEREIT Inc., 2016 WL 5858735, at *8-9 (D. Ariz. Oct. 3, 2016); Vanguard International Equity Index Fund v. Petroleo Brasileiro S.A.-Petrobas, 2016 WL 10771126 (E.D. Pa. Apr. 29, 2016) (dicta).  Neither decision is persuasive, because neither decision focused on the jurisdiction of the transferee court over state law claims at the time of filing.

Accordingly, SLUSA does not preclude the transfer of this action to the District of New Jersey.  Even if the state law claims will almost certainly be dismissed after this case is

coordinated with the other New Jersey actions under SLUSA, at the time of commencement of this lawsuit, there would have been subject matter jurisdiction over all of the claims in the District of New Jersey if the lawsuit had originally been filed there.  A transfer is therefore permitted by Section 1404.

## II. The Discretionary Factors

Once Section 1404's "might have been brought" prerequisite is met, a district court has "broad discretion" to grant or deny motions to transfer under Section 1404.  A court makes its determination based on "notions of convenience and fairness . . . on a case-by-case basis."  <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 106 (2d Cir. 2006).  The movant bears the burden of establishing by clear and convincing evidence that transfer is warranted.  <u>N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.</u>, 599 F.3d 102, 113-14 (2d Cir. 2010).  "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a <u>forum non conveniens</u> motion) must evaluate both the convenience of the parties and various public-interest considerations."  <u>Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas</u>, 571 U.S. 49, 62 (2013).

> Factors relating to the parties' private
> interests include relative ease of access to
> sources of proof; availability of compulsory
> process for attendance of unwilling, and the cost
> of obtaining attendance of willing, witnesses;
> possibility of view of premises, if view would be

13

> appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum.

Id. at 62 n.6 (2013) (citation omitted); see also D.H. Blair, 462 F.3d at 106-07 (outlining similar list of factors). Among the most significant factors that can weigh in favor of transfer is coordination with related litigation, particularly when the proposed transferee court has already spent years acquiring familiarity with that litigation. See Maverick Fund, L.D.C. v. Lender Processing Servs., Inc., No. 13cv5474 (DLC), 2013 WL 6467889, at *3 (S.D.N.Y. Dec. 10, 2013).

Defendants have carried their burden to demonstrate, by clear and convincing evidence, that transfer is warranted. The District of New Jersey has invested years of work in related litigation. The suite of actions are based on the same facts and involve similar claims. This case will be easier to manage if it is part of the coordinated group of cases, rather than proceeding alone in this court. Most of the other factors appear neutral or weakly in favor of transfer.[4] Nonetheless, the

---

[4] To the extent specific findings on each factor are necessary, the Court finds that (1) the plaintiff's choice of forum weighs weakly in favor of keeping the case in this Court; (2) the convenience of witnesses weighs in favor of the District of New

14

presence of the twenty-seven other actions in New Jersey and the efforts that Judge Shipp has devoted to them are compelling reasons to transfer this case.

Hound Partners' primary argument at this stage of the inquiry is that the efficiencies to be gained by transfer are illusory because either the cases will not be coordinated in the District of New Jersey, or their state law claims will have to be re-filed in state court. Even if the state law claims will be re-filed in state court, that outcome will not outweigh the significant efficiencies that will be achieved through transfer.

## CONCLUSION

The defendants' February 2, 2018 motion to transfer is granted. The Clerk of Court shall transfer this action to the United States District Court for the District of New Jersey.

SO ORDERED:

Dated:   New York, New York
         April 24, 2018

_____
DENISE COTE
United States District Judge

---

Jersey; (3) the location of relevant documents and ease of access to sources of proof is neutral or weakly in favor of the District of New Jersey; (4) the convenience of the parties, to the extent this factor focuses on traditional attributes of convenience, is neutral; (5) the locus of operative facts weighs in favor of the District of New Jersey; (6) the availability of process to compel the attendance of unwilling witnesses is neutral; and (7) the relative means of the parties is neutral.