

Eric T. Kanefsky, Partner
862.772.8149   eric@ck-litigation.com

May 2, 2018

**BY ECF**
The Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    *Hound Partners Offshore Fund LP et al. v. Valeant Pharmaceuticals International, Inc.*, No. 3:18-cv-08705 (D.N.J.)

Dear Judge Shipp:

      We represent Plaintiffs (collectively "Hound Partners") in this action, which was recently transferred to the District of New Jersey from the Southern District of New York ("SDNY") on May 2, 2018. *See* Dkt. Entry No. 75. We write in anticipation of the Court's consideration of whether this action should be deemed part of a "covered class action" with other cases already pending against Valeant Pharmaceuticals International ("Valeant") in this District.

      Hound Partners filed this action in SDNY specifically in order to avoid being treated as a "covered class action" under the Securities Litigation Uniform Standards Act ("SLUSA") due to the existing class action pending against Valeant and related parties in this District. *See Discovery Glob. Citizens Master Fund, Ltd. v. Valeant Pharm Int'l Inc.*, 3:16-cv-07321 (MAS) (the "Valeant Class Action"). If this action were treated as a "covered class action" under SLUSA, that would result in an injustice to Hound Partners because it would allow for the dismissal of otherwise valid common law claims, including for fraud and negligent misrepresentation.[1] Now that the action has been transferred to this Court, Hound Partners continue to seek to avoid having this action treated as a "covered class action" for the same important reason. In particular, Hound Partners respectfully request that this action not be treated as having been consolidated, joined, or otherwise coordinated with the Valeant Class Action and opt-outs (the "Other Valeant Actions") pending before this Court. As discussed further below, SLUSA does not deny a party in Hound Partners' position the right to pursue common law claims where, like Hound Partners here, that party has taken every step to avoid being treated as a "covered class action."

      As the Supreme Court has explained, SLUSA "does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action

---

[1] Hound Partners suffered a loss of at least hundreds of millions of dollars as a result of the fraudulent and negligent actions of Valeant and its professionals as detailed in its complaint.

that may exist." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 (2006). Rather, SLUSA impacts only a "covered class action," which is defined as "any group of lawsuits filed in or pending in the ***same court*** and involving common questions of law or fact in which (i) damages are sought on behalf of more than 50 persons; [and] (ii) ***the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.***" 15 U.S.C. § 78bb(f)(5)(B)(ii) (emphases added). Here, Hound Partners have valuable common law claims that should not be subject to SLUSA preemption for the reasons discussed below. These claims are particularly important for Hound Partners to maintain because of their unique relationship with Valeant, including one-on-one meetings and communications with Valeant executives.

For these reasons, Hound Partners took every possible step to avoid acting as or being treated as a "covered class action." Most importantly, Hound Partners filed in a different court, thus avoiding a prerequisite to being a "covered class action." Furthermore, Hound Partners have taken none of the steps that this Court found sufficient to treat Other Valeant Actions as "covered class actions" subject to SLUSA preemption. *See Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharmaceuticals Int'l, Inc.*, 2018 WL 406046, at *6 (D.N.J. Jan. 12, 2018) (noting that six of the actions had been "filed (by the same counsel) within four days of each other"; "Counsel later agreed to designate Janus as the 'lead' case in a Stipulated Order that included the captions for all six of these matters"; "on these eighteen motions to dismiss, all fifty-five Plaintiffs submitted a single omnibus brief that they filed in each of the six actions"; "Plaintiffs explicitly identified on their Civil Cover Sheets filed with the Complaints" that the "six actions are also related to the Class Action"; and, "[o]f significant importance to the Court, Plaintiffs actually rely on the Court's decision in the Class Action in connection with these motions").[2] In short, unlike the Other Valeant Actions, Hound Partners appropriately avoided availing themselves of benefits, or taking on any of the attributes, of the "covered class action."

If this action is coordinated or consolidated with the Other Valeant Actions over Hound Partners' objection, SLUSA would "deny [Hound Partners] . . . the right to enforce a[] state-law cause of action that may exist"—which the Supreme Court expressly stated SLUSA was not intended to do. *Dabit*, 547 U.S. at 87; *see also Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340, 1347 (11th Cir. 2008) (suggesting plaintiff could have avoided SLUSA if "it had argued to the district court that consolidation was inappropriate because the joinder for discovery purposes would result in SLUSA preclusion"). Imposed coordination—and the resulting dismissal of Hound Partners' common law claims—is the epitome of prejudice and would be contrary to the interests of justice. *See Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 593 (S.D.N.Y. 2012) (vacating consolidation order and de-consolidating individual action from class action where "the prejudice to [plaintiff] resulting from

---

[2] *See also Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 375 (S.D.N.Y. 2010) (SLUSA applied where plaintiff "appear[ed] to have availed himself of every opportunity to ensure that" his action proceeded as a single action with the class); *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 672 (S.D.N.Y. 2007) (SLUSA applied where plaintiffs intentionally availed themselves of "considerable benefits flowing from the joint prosecution of their claims"); *In re WorldCom, Inc. Sec. Litig.*, 308 F. Supp. 2d 236, 246 (S.D.N.Y. 2004) (SLUSA applied where actions were "consolidated for pretrial purposes, a decision that the plaintiffs in these actions did not oppose").

Hound Partners Ltr. to Judge Shipp, dated May 2, 2018
Page 3 of 3

consolidation with the Class Action, and subsequent preemption under SLUSA, would be [in]consonant with justice") (internal quotation marks omitted). Interests of justice necessarily trump any efficiencies that would be gained by treating the Hound Partners case as consolidated, joined, or otherwise a single action with the Other Valeant Actions.[3]

Finally, as part of maintaining their valuable and important state law claims, Hound Partners will embrace any and all efficiencies implemented by the Court that will not result in Hound Partners' common law claims being subject to dismissal pursuant to SLUSA.

Should the Court be inclined to treat the Hound Partners' action as a "covered class action," Hound Partners respectfully request the opportunity for formal briefing and a hearing to more fully address these issues. We appreciate the Court's attention to this matter.

                                        Respectfully submitted,

                                        _____
                                        Eric T. Kanefsky
                                        Samuel S. Cornish
                                        Calcagni & Kanefsky, LLP

cc: All counsel of record (via ECF)
    Christopher Chad Johnson, Esq., Quinn Emanuel LLP
    (Co-counsel for Hound Partners, Pro Hac Vice Admission to be filed)

---

[3] *See Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004) ("[S]trict segregation of merged cases is necessary to prevent consolidation from 'depriv[ing] a party of any substantial rights that he may have had if the actions had proceeded separately.'"); *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("efficiency cannot be permitted to prevail at the expense of justice"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412–13 (6th Cir. 1998) ("[I]t is the district court's responsibility to ensure that parties are not prejudiced by consolidation").