**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOUND PARTNERS OFFSHORE FUND, LP, HOUND PARTNERS LONG MASTER, LP, and HOUND PARTNERS CONCENTRATED MASTER, LP,<br><br>              Plaintiffs,<br>    v.<br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN, TANYA CARRO, ROBERT A. INGRAM, RONALD H. FARMER, COLLEEN GOGGINS, THEO MELAS-KYRIAZI, ANDERS LÖNNER, ROBERT N. POWER, NORMA PROVENCIO, KATHARINE B. STEVENSON, PRICEWATERHOUSECOOPERS LLP, DEUTSCHE BANK SECURITIES INC., HSBC SECURITIES (USA) INC., MUFG SECURITIES AMERICAS INC. f/k/a MITSUBISHI UFJ SECURITIES (USA) INC., DNB MARKETS INC., BARCLAYS CAPITAL INC., MORGAN STANLEY & CO. LLC, RBC CAPITAL MARKETS, LLC, and SUNTRUST ROBINSON HUMPHREY, INC.,<br><br>              Defendants. | Honorable Michael A. Shipp, U.S.D.J.<br><br>Civil Action No. 1:18-cv-08705 (MAS) (LHG)<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>**Motion Day: August 6, 2018** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOWARD B. SCHILLER'S PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

| | |
|---|---|
| **OF COUNSEL:**<br>Robert Y. Sperling (*pro hac vice forthcoming*)<br>Joseph L. Motto (*pro hac vice forthcoming*)<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br>(312) 558-5600 | WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 294-6700<br>James S. Richter<br><br>Attorneys for Defendant, Howard B. Schiller |

Elizabeth P. Papez (*pro hac vice forthcoming*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

# **TABLE OF CONTENTS**

**Page**

I.  Introduction ........................................................................................................... 1

II. Plaintiffs' State Law Claims Should be Dismissed ............................................. 2

    A.    Plaintiffs' State Law Claims Are Preempted By SLUSA ...................... 2

    B.    Plaintiffs Do Not Sufficiently Plead RICO Claims Against Schiller ..... 3

    C.    Plaintiffs' Negligent Misrepresentation Claim is Invalid ....................... 5

III. Plaintiffs' Section 18 Claim is Time-Barred ....................................................... 6

IV. Plaintiffs' Securities Act Claims Under Section 11 and Section 15 Fail to Allege Purchases Traceable to the Stock Offering .......................................................... 6

V. Conclusion ............................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*300 Broadway v. Martin Friedman Assocs., P.C.*,
   No. CIV.A. 08–5514 (KSH), 2009 WL 3297558 (D.N.J. Oct. 13, 2009) ................................3

*Amorosa v. Ernst & Young LLP*,
   682 F. Supp. 2d 351 (S.D.N.Y. 2010)......................................................................................3

*In re ARIAD Pharms., Inc. Sec. Litig.*,
   842 F.3d 744 (1st Cir. 2016) ....................................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................5

*Beaver Cty. Employees' Ret. Fund v. Tile Shop Holdings, Inc.*,
   94 F. Supp. 3d 1035 (D. Minn. 2015)......................................................................................7

*In re Century Aluminum Co. Sec. Litig.*,
   729 F.3d 1104 (9th Cir. 2013) .................................................................................................7

*Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*,
   2018 WL 406046 (D.N.J. Jan. 12, 2018) ........................................................................1, 2, 3

*In re EveryWare Global, Inc. Sec. Litig.*,
   2016 WL 1242689 (S.D. Ohio Mar. 30, 2016)........................................................................7

*In re Exxon Mobil Corp. Sec. Litig.*,
   500 F.3d 189 (3d Cir. 2007).....................................................................................................6

*Galicki v. New Jersey*,
   No. CIV.A. 14-169 JLL, 2015 WL 3970297 (D.N.J. June 29, 2015).......................................3

*Hound Partners Offshore Fund LP v. Valeant Pharmaceuticals, Inc.*,
   No. 1:18-cv-76-DLC (S.D.N.Y. March 7, 2018), ECF 61 .......................................................3

*Klawonn v. YA Glob. Invs., L.P.*,
   2016 WL 5923435 (D.N.J. May 6, 2016) ................................................................................6

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
   501 U.S. 350 (1991).................................................................................................................6

*State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*,
   387 N.J. Super. 469, 904 A.2d 775 (App. Div. 2006) .............................................................5

*Merck & Co. v. Reynolds*,
    559 U.S. 633 (2010) ..................................................................................................6

*Miller v. P.G. Lewis & Assoc.*,
    No. CIV.A. 05-5641 FLW, 2007 WL 316446 (D.N.J. Jan. 30, 2007) ......................5

*Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*,
    14 F. Supp. 3d 591 (D.N.J. 2014) .............................................................................5

*Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*,
    Nos. 13–1586 (SRC), 14–4242 (SRC), 2015 WL 502039 (D.N.J. Feb. 5,
    2015) .........................................................................................................................6

*In re Refco Inc. Sec. Litig.*,
    826 F. Supp. 2d 478 (S.D.N.Y. 2011) .......................................................................4

*Rowinski v. Salomon Smith Barney Inc.*,
    398 F.3d 294 (3d Cir. 2005) ......................................................................................3

*Smith v. Jones, Gregg, Creehan & Gerace, LLP*,
    No. 2:08-CV-365, 2008 WL 5129916 (W.D. Pa. Dec. 5, 2008) ...............................5

*State v. Ball*,
    141 N.J. 142, 661 A.2d 251 (1995) .......................................................................3, 4

*Stichting Pensioenfonds ABP v. Merck & Co.*,
    No. 05–5060, 2012 WL 3235783 (D.N.J. Aug. 1, 2012) ..........................................3

*Tarr v. Ciasulli*,
    181 N.J. 70, 853 A.2d 921 (2004) .............................................................................4

**Statutes**

15 U.S.C. § 78bb ...................................................................................................................2

15 U.S.C. § 78r .....................................................................................................................6

Defendant Howard B. Schiller respectfully submits this memorandum of law in support of his Partial Motion to Dismiss Plaintiffs' Complaint. In so moving, Schiller hereby joins the Partial Motion to Dismiss Plaintiffs' Complaint filed by Valeant Pharmaceuticals International, Inc. and certain other Defendants,[1] and incorporates by reference the points and authorities submitted in the Memorandum of Law accompanying that motion (referenced herein as the "Co-Defendants' brief").

## I. Introduction

Among the roughly two dozen shareholder actions concerning Valeant that are pending before this Court, Plaintiffs' suit is one of a handful that attempt to refashion disclosure-related claims against Schiller into purported violations of the New Jersey RICO statute so as to treble their alleged damages. However, it follows from the Court's ruling in one of the earlier-filed cases, *Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*, 2018 WL 406046 (D.N.J. Jan. 12, 2018) ("*Discovery Global*"), that Plaintiffs' RICO claims, along with their other state law claims, are preempted by the Securities Litigation Uniform Standards Act ("SLUSA").

Plaintiffs' RICO claims against Schiller are independently worthy of dismissal because Plaintiffs do not plausibly assert that he violated RICO. Plaintiffs simply parrot the securities fraud allegations made in the putative class action case while adding conclusory allegations against Schiller invoking the rhetoric of RICO. Among the myriad flaws contained in Plaintiffs' implausible characterization of Valeant and its executives, board members, outside auditor, and

---

[1] Those other Defendants are Robert L. Rosiello, Ari S. Kellen, Robert A. Ingram, Ronald H. Farmer, Colleen Goggins, Theo Melas-Kyriazi, Anders Lonner, Robert N. Power, Norma Provencio, Katharine B. Stevenson and the underwriters of Valeant's March 2015 offering of common stock: Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., MUFG Securities Americas Inc., DNB Markets Inc., Barclays Capital, Inc., Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, and SunTrust Robinson Humphrey, Inc.

other third-party individuals and entities as composite of a criminal enterprise, Plaintiffs do not assert any facts describing Schiller's knowing agreement to join and advance the goals of any such enterprise. Rather, Plaintiffs' allegations in that regard are perfunctory and improperly lump Schiller together with all of the many other supposed enterprise members.

Schiller additionally moves to dismiss Plaintiffs' claims under Section 18 of the Securities Exchange Act of 1934, common law, and Sections 11 and 15(a) of the Securities Act of 1933 (in part), for the reasons set forth below and in the Co-Defendants' brief.[2]

Accordingly, Schiller respectfully requests that the Court dismiss with prejudice Counts II, IV, V, IX, X, and XI of the Complaint in their entirety and Counts VI and VIII in part.

## II. Plaintiffs' State Law Claims Should be Dismissed

### A. Plaintiffs' State Law Claims Are Preempted By SLUSA

The Court should dismiss Plaintiffs' RICO, common law fraud, and negligent misrepresentation claims under SLUSA. SLUSA preempts state statutory and common law claims that, like in this case, allege a misrepresentation in connection with the purchase of a "covered security" (i.e., Valeant common stock) within the context of a "covered class action" (i.e., a group of suits proceeding as a single action for any purpose in the same court asserting damages on behalf of more than 50 persons). 15 U.S.C. § 78bb(f). In *Discovery Global*, this Court applied SLUSA to dismiss the state common law claims asserted in six other shareholder suits like this one. *See Discovery Global*, 2018 WL 406046, at *5–6. There is no reason for the Court to deviate from that ruling with respect to Plaintiffs' state law claims in this case, as indeed Plaintiffs themselves

---

[2] Plaintiffs also assert against Schiller claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Without conceding, but rather expressly denying, that Plaintiffs have sufficiently alleged that Schiller violated Section 10(b) or Section 20(a), Schiller does not move as to those claims in light of the Court's ruling on the Defendants' motions to dismiss similar claims in the putative class action pending before the Court. Schiller reserves all rights with respect to all potentially applicable arguments and defenses concerning each of Plaintiffs' claims.

have acknowledged.  *See* Brief for Plaintiff*s, Hound Partners Offshore Fund LP v. Valeant Pharmaceuticals, Inc.*, No. 1:18-cv-76-DLC (S.D.N.Y. March 7, 2018), ECF 61 at 11-12; *see also Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 302 (3d Cir. 2005); *Stichting Pensioenfonds ABP v. Merck & Co.*, No. 05–5060, 2012 WL 3235783, at *17 (D.N.J. Aug. 1, 2012); *Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 375 (S.D.N.Y. 2010).

### B.  Plaintiffs Do Not Sufficiently Plead RICO Claims Against Schiller

Plaintiffs' RICO claims also merit dismissal because they are inadequately pled.  As described in the Co-Defendants' brief, Plaintiffs fail to sufficiently allege a threshold element of their RICO claims—the existence of a RICO "enterprise."  *First*, Plaintiffs fail to sufficiently describe an "enterprise" that is distinct from Defendants' alleged pattern of racketeering activity. *See 300 Broadway v. Martin Friedman Assocs., P.C.*, No. CIV.A. 08–5514 (KSH), 2009 WL 3297558, at *6 (D.N.J. Oct. 13, 2009).  Instead, Plaintiffs equate the supposed "enterprise" with the alleged racketeering activity itself—*i.e.*, Defendants' alleged inflation of the price of Valeant securities through asserted misrepresentations concerning Valeant's drug pricing and relationship with specialty pharmacies.  Compl. ¶¶ 413, 441.

*Second*, Plaintiffs do not make any factual assertions describing the alleged enterprise members' "knowledge of the objectives of their association, how the participants associated with each other, whether the participants each performed discrete roles in carrying out the scheme, the level of planning involved, how decisions were made, [or] the coordination involved in implementing decisions," *State v. Ball*, 141 N.J. 142, 162–63, 661 A.2d 251, 261-262 (1995), and thus they have not pled the required "ascertainable structure" of the supposed "enterprise." *Galicki v. New Jersey*, No. CIV.A. 14-169 JLL, 2015 WL 3970297, at *7 (D.N.J. June 29, 2015).  These flaws are fatal to Plaintiffs' claim for racketeering in violation of the New Jersey RICO statute, N.J.S.A. 2C:41-2(c), as well as their claim for conspiracy to violate the New Jersey RICO statute, N.J.S.A. 2C:41-2(d), which also requires sufficient pleading of an "enterprise." *Ball*, 141 N.J. at

176, 661 A.2d at 268.  Plaintiffs' claim for aiding and abetting a violation of the New Jersey RICO statute (Count XI), likewise must be dismissed on these grounds, because that claim requires sufficient pleading of an underlying RICO violation.  *See Tarr v. Ciasulli*, 181 N.J. 70, 84, 853 A.2d 921, 929 (2004).

Additionally, Plaintiffs' RICO conspiracy claim is deficient as to Schiller because Plaintiffs do not sufficiently allege his knowing agreement to further the supposed unlawful objectives of the alleged "enterprise."  *Ball*, 141 N.J. at 180–81.  Plaintiffs cite Schiller's participation in the business of Valeant and alleged "improper conduct" relating to the company's accounting restatement, Compl. ¶¶ 419–20—neither of which say anything about his supposed agreement to join a RICO enterprise years earlier.  Beyond that, as to this issue, Plaintiffs make only conclusory allegations, such as that "beginning no later than January 2013 and continuing until the illegal scheme was revealed, and Philidor was shut down in or around January 2016, [Defendants] engaged in a mutually understood, agreed-upon and coordinated campaign of racketeering activity . . . ," *id*. ¶ 441; and that "[b]eginning as early as January 2013, the RICO Defendants and all members of the Enterprise agreed to facilitate the scheme described herein to manage, operate, conduct, and participate in the conduct of the affairs of the Enterprise and conspired to do the same within the meaning of N.J. STAT. ANN. § 2C:5-2 through a pattern of racketeering activity within the meaning of N.J. STAT. ANN § 2C:41-2(d)."  *Id*. ¶ 568.  These conclusory, group-pled allegations are not sufficient to plead Schiller's personal agreement to promote the criminal activity of the supposed illegal enterprise through the commission of racketeering activity.  *See In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 540 (S.D.N.Y. 2011) (dismissing New Jersey RICO conspiracy claim because "bald assertion" of an agreement failed to establish that the "Defendants had knowingly entered into a conspiracy"); *Smith v. Jones, Gregg, Creehan & Gerace, LLP*, No. 2:08-CV-365, 2008 WL 5129916, at *7 (W.D. Pa. Dec. 5, 2008) (dismissing RICO claim where plaintiff "has not pled specific facts as to any Defendant's

agreement to conspire"); *Miller v. P.G. Lewis & Assoc.*, No. CIV.A. 05-5641 FLW, 2007 WL 316446, at *7 (D.N.J. Jan. 30, 2007) (New Jersey RICO conspiracy claim could not withstand Rule 12(b)(6) where plaintiff "provide[d] absolutely no evidence to show that [defendants] entered into any agreement").

In the same way, Plaintiffs do not sufficiently allege Schiller's "aware[ness] of his role as part of an overall illegal or tortious activity," as required to sufficiently state a RICO aiding and abetting claim. *State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super. 469, 484, 904 A.2d 775, 784 (App. Div. 2006) (quoting *Tarr*, 181 N.J. at 84, 853 A.2d at 929). Plaintiffs' allegations in this regard are, again, conclusory recitations of legal verbiage. *See* Compl. ¶¶ 573–74 ("The RICO Defendants aided and abetted the Enterprise in executing its fraudulent scheme and racketeering acts in violation of N.J. STAT. ANN. 2C:41-2(c) and (d) alleged herein. . . . . The RICO Defendants willingly, and substantially participated in the Enterprise's fraudulent scheme with knowledge of the numerous violations of the New Jersey RICO Act and the underlying pattern of racketeering activity perpetrated by the Enterprise."). Such allegations are not entitled to a presumption of truth at this stage and are not sufficient to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*, 14 F. Supp. 3d 591, 616 (D.N.J. 2014).

For these reasons and those argued in the Co-Defendants brief, Plaintiffs' RICO claims should be dismissed.

### C. Plaintiffs' Negligent Misrepresentation Claim is Invalid

Even if not preempted by SLUSA, Plaintiffs' negligent misrepresentation claim should be dismissed because, as discussed in the Co-Defendants' brief, negligent misrepresentation is not cognizable under New Jersey law within the context of a public securities issuer and investor. *Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*, Nos. 13–1586 (SRC), 14–4242 (SRC), 2015 WL 502039, at *6 (D.N.J. Feb. 5, 2015).

### III. Plaintiffs' Section 18 Claim is Time-Barred

In order to bring a timely claim pursuant to Section 18, Plaintiffs are required to file their claim "within one year after the discovery of the facts constituting the cause of action . . . ." 15 U.S.C. § 78r(c). This one-year period "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have discover[ed] the facts constituting the violation—whichever comes first." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010); *Klawonn v. YA Glob. Invs., L.P.*, 2016 WL 5923435, at *7 (D.N.J. May 6, 2016). Plaintiffs assert that the "full extent of Valeant's [purported] wrongdoing was revealed" by "the first half of 2016." Compl. ¶ 13; *see also* Compl. ¶ 333 (asserting that supposed false information "became apparent to the market" with citation to a market low share price on June 7, 2016). Yet Plaintiffs did not bring suit until almost nineteen months later, on January 4, 2018. As a result, Plaintiffs' Section 18 claim falls well outside the one-year statute of limitations and should be dismissed.

Also, as outlined in the Co-Defendants' brief, pursuant to Section 18's three-year statute of repose, Plaintiffs are independently time-barred from asserting claims premised on filings made before January 4, 2015. 15 U.S.C. § 78r(c); *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 360 & n.6 (1991) (characterizing Section 18 as incorporating a 1-year limitations period after discovery combined with a 3-year period of repose); *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 200 (3d Cir. 2007) (describing "the repose period[] associated with [Section 18]").

### IV. Plaintiffs' Securities Act Claims Under Section 11 and Section 15 Fail to Allege Purchases Traceable to the Stock Offering

As described in the Co-Defendants' brief, whereas Plaintiffs' Section 12(a)(2) claim asserts that Plaintiffs purchased 268,175 shares of Valeant stock in the March 2015 stock offering, Compl. ¶ 533, Plaintiffs do not quantify the number shares purchased in that offering that specifically relate to their Section 11 claim. Instead, Plaintiffs, assert merely that they are seeking damages

"incurred in connection with purchases of Valeant common stock *traceable* to the Stock offering." *Id.* ¶ 520 (emphasis added).  Given that 336 million shares of Valeant stock were already outstanding at the time of the offering, such an allegation is insufficient to plead Plaintiffs' standing to assert a Section 11 claim as to any shares they purchased, other than the 268,175 they claim they purchased directly in the offering.  *See In re ARIAD Pharms., Inc. Sec. Litig.*, 842 F.3d 744, 756 (1st Cir. 2016); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107-08 (9th Cir. 2013); *In re EveryWare Global, Inc. Sec. Litig.*, 2016 WL 1242689, at *18–20 (S.D. Ohio Mar. 30, 2016); *Beaver Cty. Employees' Ret. Fund v. Tile Shop Holdings, Inc.*, 94 F. Supp. 3d 1035, 1056–58 (D. Minn. 2015).  Plaintiffs' Section 11 claim should therefore be dismissed with respect to any shares of Valeant stock in excess of the 268,175 they allegedly bought in the March 2015 offering.  Plaintiffs' accompanying Section 15 control person claim against Schiller should be dismissed to the same extent.  *See In re Ariad Pharm.*, 842 F.3d at 756 n.8.

## V. Conclusion

For the foregoing reasons and those stated in the Co-Defendants' brief, Schiller respectfully request that the Court dismiss with prejudice Counts II, IV, V, IX, X, and XI of Plaintiffs' Complaint, and dismiss in part Counts VI and VIII as stated herein.

WINSTON & STRAWN LLP
*Attorneys for Defendant Howard B. Schiller*

By:    s/ James S. Richter
      James S. Richter

Dated: May 22, 2018

**OF COUNSEL:**
Robert Y. Sperling (*pro hac vice forthcoming*)
Joseph L. Motto (*pro hac vice forthcoming*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Elizabeth P. Papez (*pro hac vice forthcoming*)

-8-

WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000