# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOUND PARTNERS OFFSHORE FUND, LP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 3:18-cv-08705 (MAS) (LHG) <br><br> (ORAL ARGUMENT REQUESTED) <br><br> Motion Day: August 6, 2018 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TANYA CARRO'S PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 848-8615
Facsimile: (973) 297-6615

William J. Schwartz
Laura Grossfield Birger
Lauren Gerber Lee
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
*Pro Hac Vice Admission Pending*

*Counsel for Defendant Tanya Carro*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

THE COMPLAINT'S ALLEGATIONS REGARDING TANYA CARRO ............................... 2

ARGUMENT ............................................................................................................................... 4

I.  Plaintiffs Fail to State RICO or RICO Conspiracy Claims Against Carro ...................... 4

    A.  Plaintiffs Have Not Alleged That Carro Engaged in a Pattern of Racketeering Activity ................................................................................... 4

        1.  Plaintiffs Have Not Alleged That Carro Personally Committed Two Predicate Acts of Racketeering Conduct ................................... 5

        2.  Allegations Against the Defendants Collectively Are Insufficiently Particular to Sustain a NJ RICO Claim Against Carro ...................... 7

    B.  Plaintiffs Have Not Alleged That Carro Agreed That Others Would Commit Two Predicate Acts in Furtherance of the Alleged RICO Conspiracy ............................................................................................. 10

II.  Plaintiffs Do Not Plead the Existence of a RICO Enterprise ........................................ 13

III.  Plaintiffs' State Law Claims Should Be Dismissed ....................................................... 14

CONCLUSION ......................................................................................................................... 15

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*300 Broadway v. Martin Friedman Assocs., P.C.*,
  2009 WL 3297558 (D.N.J. Oct. 13, 2009)..............................................................................13

*Amos v. Franklin Financial Services Corp.*,
  509 Fed. App'x 165 (3d Cir. 2013).........................................................................................5

*Banks v. Wolk*,
  918 F.2d 418 (3d Cir. 1990).....................................................................................................6

*Capital Health System, Inc. v. Veznedaroglu*,
  2017 WL 751855 (D.N.J. Feb. 27, 2017) ................................................................................5

*CareOne, LLC v. Burris*,
  2011 WL 2623503 (D.N.J. June 28, 2011) ..............................................................................8

*Cevdet Aksüt Ve Oğullari Koll. Sti v. Cavusoglu*,
  2016 WL 1407745 (D.N.J. Apr. 11, 2016) ..............................................................................7

*Congregacion de la Mision Provincia de Venezuela v. Curi*,
  978 F. Supp. 435 (E.D.N.Y. 1997) ........................................................................................12

*Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*,
  2018 WL 406046, at *5–6 (D.N.J. Jan. 12, 2018) ................................................................14

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*,
  784 F. Supp. 2d 508 (D.N.J. 2011) ..........................................................................................5

*Ford Motor Co. v. Edgewood Properties, Inc.*,
  2009 WL 150951 (D.N.J. Jan. 20, 2009) ..................................................................................5

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007).....................................................................................................8

*Galicki v. New Jersey*,
  2016 WL 4950995 (D.N.J. Sept. 15, 2016) ...........................................................................13

*Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
  2015 WL 7871165 (D.N.J. Dec. 4, 2015) ..............................................................................10

*Grant v. Turner*,
  2010 WL 4004719 (D.N.J. Oct. 12, 2010)................................................................................5

*Grant v. Turner*,
   505 Fed. App'x 107 (3d Cir. 2012) .................................................................. 12

*H.J. Inc. v. Northwestern Bell Tel. Co.*,
   492 U.S. 229 (1989) ......................................................................................... 5

*Hollis-Arrington v. PHH Mortg. Corp.*,
   2005 WL 3077853 (D.N.J. Nov. 5, 2005) ....................................................... 13

*Hollis-Arrington v. PHH Mortg. Corp.*,
   205 F. App'x 48 (3d Cir. 2006) ..................................................................... 5, 6

*Klein v. Autek Corp.*,
   2004 WL 3635650 (D.N.J. June 30, 2004), *aff'd*, 147 F. App'x 270 (3d Cir.
   2005) ............................................................................................................... 10

*The Knit With v. Knitting Fever, Inc.*,
   625 Fed. App'x 27 (3d Cir. 2015) ................................................................... 12

*Korean Cmty. Church of New Jersey Methodist v. Cho*,
   2012 WL 1224682 (D.N.J. Apr. 11, 2012) ....................................................... 7

*LaSala v. Bordier et Cie.*,
   519 F.3d 121 (3d Cir. 2008) ............................................................................ 14

*Lundy v. Hochberg*,
   79 F. App'x 503 (3d Cir. 2003) ........................................................................ 6

*Magnum v. Archdiocese of Philadelphia*,
   2006 WL 3359642 (E.D. Pa. Nov. 17, 2006), *aff'd*, 253 F. App'x 224 (3d Cir.
   2007) ................................................................................................................. 7

*Marina Dist. Dev. Co., LLC v. Ivey*,
   216 F. Supp. 3d 426 (D.N.J. 2016) ................................................................. 11

*Mayo, Lynch & Assocs., Inc. v. Pollack*,
   351 N.J. Super. 486, 799 A.2d 12 (App. Div. 2002) ...................................... 11

*Mayor and Council of Borough of Rockaway v. Klockner & Klockner*,
   811 F.Supp. 1039 (D.N.J. 1993) ..................................................................... 10

*Miller v. P.G. Lewis & Assoc.*,
   2007 WL 316446 (D.N.J. Jan. 30, 2007) ........................................................ 12

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2d Cir. 1993) ............................................................................. 8

*Mineo v. McEachern*,
2014 WL 2197032 (D.N.J. May 27, 2014) ..................................................................6

*Naporano Iron & Metal Co. v. American Crane Corp.*,
79 F.Supp.2d 494 (D.N.J.2000) ...............................................................................10

*Parrino v. Swift*,
2006 WL 1722585 (D.N.J. June 19, 2006) ...............................................................13

*Poling v. K. Hovnanian Enterprises*,
99 F. Supp. 2d 502 (D.N.J. 2000) .........................................................................9, 10

*Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*,
2015 WL 502039 (D.N.J. Feb. 5, 2015) ...................................................................15

*Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.*,
2013 WL 1431680 (D.N.J. Apr. 9, 2013) .................................................................11

*In re Refco Inc. Sec. Litig.*,
826 F. Supp. 2d 478 (S.D.N.Y. 2011) ................................................................11, 13

*Southward v. Elizabeth Bd. of Educ.*,
2017 WL 4392038 (D.N.J. Oct. 2, 2017) ................................................................6, 7

*State v. Ball*,
141 N.J. 142, 661 A.2d 251 (1995) ...........................................................11, 13, 14

*State v. Ball*,
268 N.J. Super. 72, 632 A.2d 1222 (App. Div. 1993), *aff'd*, 141 N.J. 142, 661
A.2d 251 (1995) .........................................................................................................5

*T. Rowe Price Growth Stock Fund, Inc. v. Valeant Pharm. Int'l, Inc.*,
2018 WL 395730 (D.N.J. Jan. 12, 2018) ...................................................................1

*United States v. Phillips*,
874 F.2d 123 (3d Cir. 1989) ....................................................................................11

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
2017 WL 1658822 (D.N.J. Apr. 28, 2017) .................................................................1

*Virginia Sur. Co., Inc. v. Macedo*,
2009 WL 3230909 (D.N.J. Sept. 30, 2009) ...............................................................8

*Weiss v. First Unum Life Ins.*,
2003 WL 25713970 (D.N.J. Aug. 27, 2003) ..............................................................9

*Zavala v. Wal Mart Stores Inc.*,
691 F.3d 527 (3d Cir. 2012) ......................................................................................6

**Statutes**

15 U.S.C. § 78bb(f)(5)(B)........................................................................................14

N.J. Stat. Ann.
   § 2C:41-1(a)..................................................................................................5
   § 2C:41-1(d)(1)............................................................................................5
   § 2C:41-2(c)..................................................................................................4
   § 2C:41-2(d)................................................................................................10

Securities Litigation Uniform Standards Act...................................................2, 14, 15

**Other Authorities**

Federal Rules of Civil Procedure
   Rule 8......................................................................................................11, 12
   Rule 9(b)...............................................................................................5, 8, 10

## PRELIMINARY STATEMENT

In a lengthy Complaint that closely resembles others filed in related matters before this Court, Plaintiffs make sweeping allegations about purported misconduct at Valeant Pharmaceuticals International, Inc. (the "Company" or "Valeant").  As in those related complaints, Tanya Carro, the former Corporate Controller at Valeant, is a minor figure, and the Complaint contains few factual allegations specifically about her.  Despite the paucity of facts alleged about Carro, Plaintiffs boldly inflate their garden variety securities fraud claim into several claims brought under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO") and various state law claims.  Plaintiffs' overreaching is evidenced by the fact that the Complaint identifies scores of allegedly false or misleading statements made by various individuals to investors, yet alleges that Carro did so *only once,* citing two statements made during a single conference call on October 26, 2015 (hereinafter, the "October 26 Statements"). These limited allegations are insufficient to support RICO claims.

This Court has previously addressed some of the claims Plaintiffs assert against Carro in opinions filed in similar cases.  *See In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2017 WL 1658822 (D.N.J. Apr. 28, 2017); *T. Rowe Price Growth Stock Fund, Inc. v. Valeant Pharm. Int'l, Inc.,* 2018 WL 395730 (D.N.J. Jan. 12, 2018).  In deference to these prior rulings, Carro is not moving against the Section 10(b) claim in this Complaint.  Carro joins in the arguments made on behalf of the Company in its Memorandum Of Law In Support Of Certain Defendants' Partial Motion To Dismiss Plaintiffs' Complaint (the "Company's Memorandum") for all the counts alleged against her.  This Memorandum principally addresses several additional, independent reasons why Plaintiffs fail to state RICO claims against Carro.

*First*, as set forth below, Carro's limited involvement in the purported securities fraud cannot be stretched into a RICO claim.  Plaintiffs fail to allege that Carro committed at least two

1

predicate racketeering acts, a fundamental requirement for a RICO violation.  At most, Plaintiffs allege a single predicate act—securities fraud—based on the October 26 Statements.  As for the RICO conspiracy count, Plaintiffs have not alleged—other than in a bare recitation of the statutory requirements—that Carro agreed that others in the Enterprise would commit two predicate acts.  Accordingly, despite Plaintiffs' ambitious attempt to include Carro in the RICO claims, none of those claims is sufficiently pleaded.

*Second*, as discussed in more detail in the Company's Memorandum, Plaintiffs' RICO claim also fails because the Complaint does not allege that a RICO enterprise existed separate and apart from the alleged pattern of racketeering activity or that the enterprise has a discernible structure.

*Finally*, Plaintiffs' state law claims alleging violations of RICO, fraud, and negligent misrepresentation are preempted by the Securities Litigation Uniform Standards Act ("SLUSA").  The negligent misrepresentation claim should also be dismissed because investors who purchased widely marketed securities are barred from bringing common-law negligent misrepresentation claims under New Jersey law.

Therefore, Defendant Carro respectfully requests that the Court dismiss with prejudice Counts IV, V, IX, X, and XI of the Complaint.

## THE COMPLAINT'S ALLEGATIONS REGARDING TANYA CARRO

Until the spring of 2016, Tanya Carro was Valeant's Corporate Controller.  Compl. ¶ 28.  In describing Carro's participation in the alleged Enterprise,[1] the Complaint alleges that Carro "had operational and managerial control over Valeant," and participated in the Enterprise by "authorizing the implementation of Philidor's fraudulent and unsustainable practices through the

---

[1]  Unless otherwise defined herein, capitalized terms have the meanings assigned to them in the Complaint.

'alternative fulfillment program,'" "facilitating and directing price increases," and "overseeing or participating in the preparation of Valeant's false and misleading financial statements."  Compl. ¶ 421.  Instead of specific allegations supporting these conclusory assertions, Plaintiffs rely on vague characterizations of Carro's conduct and descriptions of routine business activities, and often collectively describe the actions of several individuals without differentiation.

Specific allegations addressed directly at Carro's actions—as opposed to the undifferentiated actions of the Management Defendants as a group—are few and far between. Plaintiffs allege that Carro, along with several directors and executives, attended two conference calls with investors and analysts, on October 26 and November 10, 2015.  Compl. ¶¶ 299, 309. They allege that Carro made two false statements during the October 26, 2015 conference call. Compl. ¶ 237.  Plaintiffs also refer several times to the Company's March 21, 2016 8-K (the "March 21 8-K") and corresponding press release in which the Company announced a restatement of Valeant's financials and stated that the unspecified "improper conduct" of Schiller and Carro "resulted in the provision of incorrect information to the [Board's Audit and Risk] Committee and the Company's auditors."  *See* Compl. ¶¶ 28, 241, 331, 359, 375.  The Complaint does not allege that Carro made any false statements in connection with the restatement.  The Complaint also refers to the Company's statement in the March 21 8-K that Carro was placed on "administrative leave," and alleges that, after the restatement, Carro was replaced as Corporate Controller.  *See* Compl. ¶¶ 28, 375.

In lieu of specific allegations about Carro, Plaintiffs rely on generalized allegations about the Management Defendants.[2]  For example, Plaintiffs allege that the Management Defendants

---

[2]  The Complaint defines Management Defendants as a group of six individuals with varying roles, responsibilities, and tenures at Valeant:  CEO J. Michael Pearson, CFO Howard B.

collectively had "significant motives" for participating in the Enterprise, Compl. ¶ 335, but offer

no specifics about Carro's purported motive.  Similarly, Plaintiffs allege that the Management

Defendants "designed, implemented, or possessed knowledge of Valeant's reliance upon

Philidor," Compl. ¶ 350, and all "approved the deceptive accounting practices involving

Philidor."  Compl. ¶ 105.  In other instances, Plaintiffs allege that the Management Defendants

engaged in routine business activities, such as allegedly attending weekly meetings "during

which Valeant's senior management discussed opportunities, assessed the business, [and]

addressed developing issues . . . ."  Compl. ¶ 342.  Similarly, Plaintiffs allege that the

Management Defendants were "directly engaged in the business, including Valeant's pricing

strategies for individual products."  Compl. ¶ 345.

## ARGUMENT

**I.    PLAINTIFFS FAIL TO STATE RICO OR RICO CONSPIRACY CLAIMS AGAINST CARRO**

### A.    Plaintiffs Have Not Alleged That Carro Engaged in a Pattern of Racketeering Activity

In Count IX of the Complaint, Plaintiffs allege a violation of New Jersey's RICO statute,

N.J. Stat. Ann. § 2C:41-2(c), which states that it is "unlawful for any person employed by . . .

any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of the

enterprise's affairs through a pattern of racketeering activity."  To show a "pattern of

racketeering," plaintiffs must allege that the defendant engaged in "at least two incidents of

racketeering conduct."  N.J. Stat. Ann. § 2C:41-1(d)(1).  Racketeering conduct in turn is defined

as "any of the following crimes" in a list provided in N.J. Stat. Ann. § 2C:41-1(a), which

includes fraud and securities fraud.  "When fraud is the predicate act," as Plaintiffs have alleged

---

Schiller, CFO Robert L. Rosiello, VP of Global Marketing Deborah Jorn, Executive VP and
Company Group Chairman Ari S. Kellen, and Corporate Controller Tanya Carro.

here, "a plaintiff must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 526 (D.N.J. 2011). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." "Specificity is imperative" in RICO claims based on fraud, "both because . . . fraud allegations implicate the heightened pleading standard of Rule 9(b) and because the RICO statute itself requires specificity, particularly in light of the heavy penalties imposed upon an unsuccessful RICO defendant." *Capital Health System, Inc. v. Veznedaroglu*, 2017 WL 751855, at *12 (D.N.J. Feb. 27, 2017) (quoting *Grant v. Turner*, 2010 WL 4004719, at *4 (D.N.J. Oct. 12, 2010)).[3]

### 1.    Plaintiffs Have Not Alleged That Carro Personally Committed Two Predicate Acts of Racketeering Conduct

Plaintiffs fail to plead Carro's participation in a racketeering enterprise, because they have not alleged that Carro committed at least two predicate racketeering acts. "To plead a pattern of racketeering activity, [a plaintiff] must aver . . . that *each defendant* committed at least two acts of prohibited racketeering activity . . . ." *Hollis-Arrington v. PHH Mortg. Corp.*, 205 F. App'x 48, 54 (3d Cir. 2006) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989)) (emphasis added). *See also Amos v. Franklin Financial Services Corp.*, 509 Fed. App'x 165, 168 (3d Cir. 2013) (quoting *Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990)) ("[N]o defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern."); *Southward v. Elizabeth Bd. of Educ.*, 2017 WL 4392038, at *13 (D.N.J. Oct. 2, 2017) ("To satisfy the NJRICO pleading standard, plaintiffs must provide

---

[3]  The NJ RICO statute "essentially borrows its structure, purpose and remedies from Federal RICO," so New Jersey courts "seek guidance from those federal decisions." *State v. Ball*, 268 N.J. Super. 72, 98, 632 A.2d 1222, 1235 (App. Div. 1993), *aff'd*, 141 N.J. 142, 661 A.2d 251 (1995) (quotations omitted). *See also Ford Motor Co. v. Edgewood Properties, Inc.*, 2009 WL 150951, at *10 (D.N.J. Jan. 20, 2009).

*each* defendant with *individual* notice—by *specific* factual allegations—of his or her purported

participation in the racketeering enterprise.") (emphasis in original); *Mineo v. McEachern*, 2014

WL 2197032, at *3 (D.N.J. May 27, 2014) ("To establish a pattern of racketeering, a plaintiff

must show that each defendant committed at least two predicate acts of racketeering").

Tellingly, with respect to Carro specifically, Plaintiffs have alleged just a single instance

of purported securities fraud: they claim that Carro made two false statements during an October

26, 2015 conference call.  Compl. ¶ 237.  An allegation that Carro committed, at most, one

predicate act is patently insufficient to establish a pattern of racketeering conduct.  *See Lundy v.*

*Hochberg*, 79 F. App'x 503, 505 (3d Cir. 2003) (holding that "the single instance of bank fraud

[is] insufficient to constitute a pattern of racketeering activity"); *Zavala v. Wal Mart Stores Inc.*,

691 F.3d 527, 543 (3d Cir. 2012) (holding that a "single predicate act is not a pattern of predicate

acts and therefore cannot support a RICO claim"); *Hollis-Arrington v. PHH Mortg. Corp.*, 205 F.

App'x at 54 (dismissing complaint where plaintiff failed to sufficiently allege predicate acts that

established a pattern of racketeering activity).

Aside from the purported securities fraud, none of the other allegations in the Complaint

describes allegedly criminal conduct by Carro that could constitute a predicate racketeering act.

For example, Plaintiffs repeatedly accuse Carro of "improper conduct" related to information she

and others provided to the Audit Committee.  *See* Compl. ¶¶ 28, 241, 331, 359, 375.  But

engaging in unspecified "improper conduct" is not a crime.  Similarly, Carro is alleged to have

"facilitate[ed] and direct[ed] price increases."  *See* Compl. ¶ 421.  Implementing price increases

is also not a crime.  Plaintiffs also allege that Carro "worked closely" with Pearson, Compl. ¶

342, and oversaw or participated in the preparation of Valeant's financial statements.  Compl. ¶

421.  These imprecise allegations describe ordinary aspects of Carro's job as Valeant's

Controller and, even if true, do not identify conduct that could constitute a second predicate act under the NJ RICO statute. *See Cevdet Aksüt Ve Oğullari Koll. Sti v. Cavusoglu*, 2016 WL 1407745, at *2 (D.N.J. Apr. 11, 2016) (dismissing NJ RICO claim because "conclusory assertions of . . . alleged participation in Cavusoglu's business . . . [are] insufficient" to establish two predicate acts); *Southward v. Elizabeth Bd. of Educ.*, 2017 WL 4392038, at *14 (dismissing NJ RICO claim because "impermissibly nonspecific" allegations of "ordinary political campaign fundraising" "fall short of a plausible, factual presentation of the elements of predicate RICO *criminal* offenses of extortion or bribery") (emphasis in original).

Without allegations establishing that Carro committed two predicate acts, Plaintiffs cannot maintain a RICO claim against her. *See Magnum v. Archdiocese of Philadelphia*, 2006 WL 3359642, at *11 (E.D. Pa. Nov. 17, 2006), *aff'd*, 253 F. App'x 224 (3d Cir. 2007) (dismissing federal RICO claim because "Plaintiffs fail to sufficiently allege that *each* Defendant engaged in two or more predicate acts as is necessary to establish a RICO 'pattern'") (emphasis in original); *Korean Cmty. Church of New Jersey Methodist v. Cho*, 2012 WL 1224682, at *3 (D.N.J. Apr. 11, 2012) (dismissing federal RICO claim where alleged "violations do not constitute predicate offenses").

### 2. Allegations Against the Defendants Collectively Are Insufficiently Particular to Sustain a NJ RICO Claim Against Carro

Recognizing that they have not (and cannot) allege two predicate acts committed by Carro personally, Plaintiffs may rely on general allegations about the Enterprise, the Management Defendants collectively, or unspecified "senior management," "high-level Valeant executives," or "Valeant's top executive team." *See, e.g.*, Compl. ¶¶ 3, 58, 452. But these allegations, even if they describe predicate acts, are not sufficiently particular to sustain a claim against Carro under Federal Rule of Civil Procedure 9(b).

As several courts have held in dismissing RICO claims, "vague allegations of fraudulent acts by multiple defendants" fail to "inform[] each defendant as to the specific fraudulent acts he or she is alleged to have committed [and thus] do not satisfy [the pleading requirements of ] Rule 9(b)." *Virginia Sur. Co., Inc. v. Macedo*, 2009 WL 3230909, at *8 (D.N.J. Sept. 30, 2009) (dismissing federal RICO claim for failure to specifically plead allegations of fraud). Allegations which lump Carro together with five other Management Defendants and allege, for example, that they collectively made misrepresentations to investors, Compl. ¶ 231, "designed, implemented, or possessed knowledge of Valeant's reliance on Philidor," Compl. ¶ 350, or had "significant" but unspecified motives for participating in a fraud, Compl. ¶ 335, patently fail to meet the particularity requirements of Rule 9(b). *See CareOne, LLC v. Burris*, 2011 WL 2623503, at *10 (D.N.J. June 28, 2011) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (Rule 9(b) requires that "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (affirming dismissal of RICO and 10(b) claims and holding that "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'").

The unspecific nature of the allegations about the Management Defendants collectively is highlighted by the fact that many of these allegations are inconsistent with others in the Complaint. For example, Paragraph 346 alleges that all Management Defendants "represented themselves to investors as persons most knowledgeable about Valeant's business, operating model, strategies (including pricing, the AF initiative, and specialty pharmacies), acquisitions, organic growth, internal controls, ethical standards, compliance programs, and the volume,

pricing, and performance of Valeant's products," and that they "repeatedly chose to speak on these topics . . . ." Although Carro is included in the group of Management Defendants, Plaintiffs allege that she only spoke to investors on a single occasion about one accounting issue. Compl. ¶ 237. Similarly, Paragraph 231 alleges that all Management Defendants made misrepresentations in ten different SEC filings, but elsewhere the Complaint alleges that the Company's SEC filings were drafted, prepared, and signed by only the CEO and CFO, Compl. ¶ 349, and that some Management Defendants were not even employed by Valeant when some allegedly misleading financial statements were filed. *See* Compl. ¶¶ 26, 27, 29.

Complaints with indefinite allegations describing groups of defendants like these are often dismissed for lack of particularity. For example, in *Weiss v. First Unum Life Ins.*, 2003 WL 25713970 (D.N.J. Aug. 27, 2003), the court dismissed a federal RICO claim because the plaintiff "failed to plead the circumstances of the alleged scheme to defraud with particularity," and made general allegations against the defendants as a group "without differentiation." *Id.*, at *7. The court explained that the "plaintiff merely refers to defendants, the corporation and individual defendants alike, as a single entity in describing their design and perpetuation of the fraud" and thus "fail[ed] to allege which specific fraudulent acts the particular defendants are alleged to have engaged in." *Id.*

Similarly, in *Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502 (D.N.J. 2000), the court dismissed the plaintiffs' federal RICO claim because their "allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed" did not meet Rule 9(b) pleading standards. *Id.* at 508 (citing *Mayor and Council of Borough of Rockaway v. Klockner & Klockner*, 811 F.Supp. 1039, 1060 (D.N.J. 1993)).

Many other complaints alleging fraud more generally have also been dismissed in New Jersey federal courts where the pleadings contained "collectivized allegations against 'defendants'" and thus failed to satisfy Rule 9(b). *See Klein v. Autek Corp.*, 2004 WL 3635650, at *4 (D.N.J. June 30, 2004), *aff'd*, 147 F. App'x 270 (3d Cir. 2005) (citing *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494, 511 (D.N.J.2000)) (dismissing complaint that employed "group pleading" in attempting to establish a fraud claim); *Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2015 WL 7871165, at *3 (D.N.J. Dec. 4, 2015) (dismissing complaint where plaintiff failed to "plead fraud with particularity with respect to each defendant"); *Mayor and Council of Borough of Rockaway v. Klockner & Klockner*, 811 F. Supp. at 1060 (dismissing fraudulent concealment complaint as not satisfying Rule 9(b) and rejecting plaintiff's attempt to "simply 'lump' all the defendants together and allege generally that they all committed fraudulent concealment").

In short, Plaintiffs have not specifically alleged that Carro committed two predicate acts in furtherance of the Enterprise.  The NJ RICO claim against Carro should therefore be dismissed.

## B.    Plaintiffs Have Not Alleged That Carro Agreed That Others Would Commit Two Predicate Acts in Furtherance of the Alleged RICO Conspiracy

In Count X of the Complaint, Plaintiffs allege that Carro conspired to violate New Jersey's RICO statute.  *See* N.J.S.A. § 2C:41-2(d).  To establish a defendant's participation in a RICO conspiracy, a plaintiff must allege, *inter alia*, that "a defendant agreed to participate directly or indirectly in the conduct of the affairs of the enterprise by agreeing to commit, or to aid other members of the conspiracy to commit, at least two racketeering acts . . . ."  *State v. Ball*, 141 N.J. 142, 180, 661 A.2d 251, 270 (1995).  If "an agreement to the commission of at least two predicate acts … is lacking, the defendant has not embraced the objective of the

conspiracy." *Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.*, 2013 WL 1431680, at \*12–13 (D.N.J. Apr. 9, 2013).  *See also Mayo, Lynch & Assocs., Inc. v. Pollack*, 351 N.J. Super. 486, 503, 799 A.2d 12, 22 (App. Div. 2002) (one of two elements of RICO conspiracy is "an agreement to the commission of at least two predicate acts"); *Marina Dist. Dev. Co., LLC v. Ivey*, 216 F. Supp. 3d 426, 436 (D.N.J. 2016) (citing *United States v. Phillips*, 874 F.2d 123, 127 n.4 (3d Cir. 1989)) ("Each defendant must agree to commission of two or more racketeering acts" for a RICO conspiracy claim to be sustained).  RICO conspiracy claims must be pleaded according to the standards set forth in Rule 8 of the Federal Rules of Civil Procedure.  *See In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 539–40 (S.D.N.Y. 2011) (analyzing the NJ RICO statute).

Plaintiffs fail to articulate a legally sufficient conspiracy claim against Carro.  Tellingly absent are any factual allegations supporting the notion that Carro knowingly agreed to participate in the affairs of a racketeering enterprise.  Nor are any facts pleaded regarding Carro's agreement to the commission of at least two predicate offenses.

Instead, Plaintiffs recite the bare elements of a conspiracy claim.  *See* Compl. ¶¶ 568, 570 (claiming "each Defendant personally committed or agreed to commit two or more fraudulent and illegal racketeering acts").  But "[b]ald assertions" of an agreement among multiple defendants, like the conspiracy allegations in this Complaint, are "plainly insufficient."  *In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d at 540.  In *In re Refco*, the court found that the complaint —despite running over 400 paragraphs long—did not contain sufficiently specific factual allegations regarding the defendants' agreement to violate the NJ RICO statute through the commission of two predicate acts.  Judge Rakoff reasoned that "[i]f all that is required is a broad

11

assertion that 'the defendants agreed,' then any kind of particularity requirement, even the lesser requirement of Rule 8, is essentially thrown out the window." *Id.*

Similarly, in *The Knit With v. Knitting Fever, Inc.*, 625 Fed. App'x 27 (3d Cir. 2015), the Third Circuit upheld the district court's dismissal of federal RICO conspiracy claims as to all defendants, holding that the "sixty-page complaint fails to include any specific allegation that [a defendant] intended to facilitate a conspiracy or operate a RICO enterprise." *Id.* at 37. Instead, the plaintiff had relied on a "conclusory allegation . . . that is simply a legal conclusion which is entitled to no deference." *Id.* And in *Grant v. Turner*, 505 Fed. App'x 107, 112 (3d Cir. 2012), the Third Circuit upheld the lower court's dismissal of RICO conspiracy claims because the complaint "grouped" one defendant with others and therefore did not adequately allege that the defendant agreed to commit the predicate acts of fraud. *See also Miller v. P.G. Lewis & Assoc.*, 2007 WL 316446, at *7 (D.N.J. Jan. 30, 2007) (rejecting plaintiffs' request to file an amended complaint with a NJ RICO conspiracy claim because it did not specifically demonstrate that two individual defendants "entered into any agreement with the existing defendants to assist them in their RICO violations," or that they "agreed to the commission of two predicate acts"); *Congregacion de la Mision Provincia de Venezuela v. Curi*, 978 F. Supp. 435, 451 (E.D.N.Y. 1997) (dismissing a federal RICO conspiracy claim where the complaint had not "specif[ied] what predicate acts these defendants might have agreed to commit" or "allege[d] facts that establish these defendants understood that their actions were part of a pattern of racketeering activity").

As in the cases cited above, Plaintiffs rely on conclusory allegations about a group of defendants and do not allege any facts demonstrating that Carro agreed that others would commit two predicate acts. Accordingly, the RICO conspiracy claim should be dismissed.

## II.     PLAINTIFFS DO NOT PLEAD THE EXISTENCE OF A RICO ENTERPRISE

New Jersey RICO law requires that Plaintiffs plead a RICO enterprise that "is distinct

from the incidents constituting the pattern of activity." *Ball*, 141 N.J. at 162. *See also 300*

*Broadway v. Martin Friedman Assocs., P.C.*, 2009 WL 3297558, at *5 (D.N.J. Oct. 13, 2009)

(quoting *Parrino v. Swift*, 2006 WL 1722585, at *2 (D.N.J. June 19, 2006)). As the Company's

Memorandum describes, the Complaint fails to satisfy that requirement. Plaintiffs allege that

"the purpose of the Enterprise was to artificially inflate the value of Valeant securities by

misleading investors." Compl. ¶ 553. But they also allege that the wrongful conduct of the

Enterprise was to commit securities fraud. *See id.* ¶ 553. That is, according to the Complaint,

the purpose of the alleged Enterprise was to carry out the alleged racketeering activity. The

RICO claim therefore fails as a matter of law because an enterprise must be more than the

aggregate of the alleged racketeering acts. *See 300 Broadway*, 2009 WL 3297558, at *6; *Galicki*

*v. New Jersey*, 2016 WL 4950995, at *26 n.28 (D.N.J. Sept. 15, 2016); *Parrino v. Swift*, 2006

WL 1722585, at *3; *Hollis-Arrington v. PHH Mortg. Corp.*, 2005 WL 3077853, at *8 (D.N.J.

Nov. 5, 2005). *See also* Company's Memorandum, Section I(A)(1).

Plaintiffs also fail to plead that the alleged RICO enterprise has "an ascertainable

structure supporting the inference that the group engaged in carefully planned and highly

coordinated criminal activity," as required by NJ RICO law. *Galicki*, 2016 WL 4950995, at *22.

Plaintiffs' allegations regarding the structure of the Enterprise are fatally lacking in specific

factual allegations indicating, for example, the "division of labor, [or] who agreed to do what."

*In re Refco*, 826 F. Supp. 2d at 533–34. *See, e.g.*, Compl. ¶¶ 441, 551. Without specific

allegations indicating a "high degree of planning, cooperation and coordination," Plaintiffs have

not pleaded the required discernible structure for a RICO enterprise.  *Ball*, 141 N.J. at 162-63.

*See* Company's Memorandum, Section I(A)(2).[4]

**III.    PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED**

First, as the Company's Memorandum details, Plaintiffs' state law causes of action,

namely, the NJ RICO claims, the fraud claim, and the negligent misrepresentation claim, should

be dismissed because they are preempted by SLUSA.  A claim based on state law is preempted

by SLUSA where (1) the complaint constitutes a "covered class action," as defined in 15 U.S.C.

§ 78bb(f)(5)(B), and (2) it alleges "a misrepresentation or deceptive device in connection with a

securities trade."  *LaSala v. Bordier et Cie.*, 519 F.3d 121, 128 (3d Cir. 2008).

Regarding the first requirement, this case plainly constitutes a "covered class action," as

Plaintiffs effectively conceded in their briefing in SDNY.  *See* Company's Memorandum,

Section I.  In an opinion addressing several actions related to this case, this Court recognized that

SLUSA preempts state law claims premised upon the same facts and legal theories as the Class

Action.  *See Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*, 2018

WL 406046, at *5–6 (D.N.J. Jan. 12, 2018).  This Complaint, like the other opt-outs addressed in

*Discovery Global*, is based on the same facts and theories as the Class Action, and contains

nearly identical alleged misrepresentations.  *See* Company's Memorandum, Section I(A).

Because this group of lawsuits seeks damages for far more than fifty plaintiffs, and because these

actions are effectively coordinated, this Complaint constitutes a "covered class action."  *See*

Company's Memorandum, Section I(A).

---

[4]  Plaintiffs' failure to sufficiently plead the substantive RICO claim or the RICO conspiracy claim also dooms their aiding and abetting claim.  *See* Company's Memorandum Section II(B).

As for the second requirement, each state law claim in this Complaint alleges a misrepresentation in connection with trades of covered securities. *See* Company's Memorandum, Section I(B).  Therefore, the state law claims are preempted by SLUSA.

Separately, as explained in the Company's Memorandum, Plaintiffs' negligent misrepresentation claim must also be dismissed because New Jersey courts do recognize such claims for securities investors.  Plaintiffs making negligent misrepresentation claims must plead that the defendants owed them a duty of care, and securities investors, like Plaintiffs here, are far too numerous to constitute an "identifiable class" that was "particularly foreseeable."  *See Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*, 2015 WL 502039 (D.N.J. Feb. 5, 2015); Company's Memorandum, Section I(C).

For these reasons, the RICO claims, fraud claim, and negligent misrepresentation claim must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons and for the reasons described in the Company's Memorandum in Support of Its Motion to Dismiss, the NJ RICO claims (Counts IX-XI), the common law fraud claim (Count IV), and the negligent misrepresentation claim (Count V) against Tanya Carro should be dismissed.

Dated:  May 22, 2018

By:   *s/ Richard Hernandez*
       Richard Hernandez

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Telephone: (973) 848-8615
Facsimile:  (973) 297-6615

William J. Schwartz
Laura Grossfield Birger
Lauren Gerber Lee
COOLEY LLP
1114 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 479-6000
Facsimile: (212) 479-6275

*Pro Hac Vice Admission Pending*