**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOUND PARTNERS OFFSHORE FUND, LP, HOUND PARTNERS LONG MASTER, LP, and HOUND PARTNERS CONCENTRATED MASTER, LP,<br>Plaintiffs,<br><br>v.<br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants. | **Civil Action No. 3:18-cv-08705 (MAS) (LHG)**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>**Motion Day: August 6, 2018** |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEBORAH JORN'S PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**SCHULTE ROTH & ZABEL LLP**
Barry A. Bohrer (admitted *pro hac vice*)
Michael L. Yaeger (admitted *pro hac vice*)
Cara David
Carly J. Halpin (admitted *pro hac vice*)

919 Third Avenue
New York, NY 10022
(212) 756-2000

*Attorneys for Defendant Deborah Jorn*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....... 1

FACTS AS ALLEGED ....... 3

ARGUMENT ....... 4

I. SLUSA Preempts Plaintiffs' State Law Claims ....... 4

II. Plaintiffs' NJ RICO Claims Should Be Dismissed as to Ms. Jorn ....... 5

A. Plaintiffs Do Not Allege a Primary Violation of NJ RICO ....... 6

B. Plaintiffs Do Not Allege Conspiracy to Commit Racketeering Activity ....... 9

C. Plaintiffs Do Not Allege Aiding and Abetting NJ RICO ....... 10

III. Plaintiffs Fail to Plead the Reliance Necessary for Their Fraud and Negligent Misrepresentation Claims Against Ms. Jorn ....... 12

CONCLUSION ....... 14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abbott v. Latshaw*,
164 F.3d 141 (3d Cir. 1998)....................10

*Absolute Power Sys., Inc. v. Cummins, Inc.*,
Civil Action No. 15-8539 (JBS/KMW),
2016 WL 6897782 (D.N.J. Nov. 23, 2016)....................7

*Adorno-Bezares v. New Brunswick Dep't of Planning, Cmty., & Econ. Dev.*,
Civil Action No. 11-151 (PGS),
2012 WL 4505339 (D.N.J. Sept. 27, 2012)....................6

*Auto. Fin. Corp v. DZ Motors, LLC*,
Civil Action No. 16-7955 (MAS) (DEA),
2017 WL 3176275 (D.N.J. July 26, 2017) (Shipp, J.)....................6

*Cetel v. Kirwan Fin. Grp., Inc.*,
460 F.3d 494 (3d Cir. 2006)....................5

*Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm. Int'l, Inc.*,
Civil Action Nos. 16-7321 (MAS) (LHG), 16-7324 (MAS) (LHG), 16-7328 (MAS) (LHG), 16-7494 (MAS) (LHG), 16-7496 (MAS) (LHG), 16-7497 (MAS) (LHG),
2018 WL 406046 (D.N.J. Jan. 12, 2018)....................5

*Ford Motor Co. v. Edgewood Props., Inc.*,
Civil Action Nos. 06-1278, 06-4266 (HAA),
2009 WL 150951 (D.N.J. Jan. 20, 2009).................... 6-7

*Ford Motor Co. v. Edgewood Props., Inc.*,
Civil Action Nos. 06-1278 (ES), 06-4266, 08-774,
2012 WL 4172133 (D.N.J. Aug. 31, 2012)....................10

*Friedman v. JP Morgan Chase & Co.*,
15-cv-5899 (JGK),
2016 WL 2903273 (S.D.N.Y. May 18, 2016), *aff'd*,
689 F. App'x 39 (2d Cir. 2017)....................5

*Galicki v. State*,
Civil Action No. 14-169 (JLL),
2015 WL 3970297 (D.N.J. June 29, 2015) ........................................ 8

*Galicki v. State*,
Civil Action No. 14-169 (JLL),
2016 WL 4950995 (D.N.J. Sept. 15, 2016) ........................................ 7, 9

*Grant v. Turner*,
505 F. App'x 107 (3d Cir. 2012) ........................................ 7

*Gregoris Motors v. Nissan Motor Corp. In USA*,
630 F. Supp. 902 (E.D.N.Y. 1986) ........................................ 8

*Inventory Recovery Corp. v. Gabriel*,
Civ. No. 2:11-cv-01604 (WJM),
2012 WL 2990693 (D.N.J. July 20, 2012) ........................................ 12, 13

*Kaufman v. i-Stat Corp.*,
165 N.J. 94 (2000) ........................................ 12, 13

*The Knit With v. Knitting Fever, Inc.*,
625 F. App'x 27 (3d Cir. 2015) ........................................ 10

*LaSala v. Bordier et Cie*,
519 F.3d 121 (3d Cir. 2008) ........................................ 5

*Lightning Lube, Inc. v. Witco Corp.*,
4 F.3d 1153 (3d Cir. 1993) ........................................ 11-12

*Magnum v. Archdiocese of Philadelphia*,
Civil Action No. 06-CV-2589,
2006 WL 3359642 (E.D. Pa. Nov. 17, 2006) ........................................ 8

*Michtavi v. United States*,
345 F. App'x 727 (3d Cir. 2009) ........................................ 10

*Miller v. P.G. Lewis & Assoc.*,
Civil No. 05-5641(FLW),
2007 WL 316446 (D.N.J. Jan. 30, 2007) ........................................ 11

*N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*, Civil Action No. 10-148 (SRC), 2012 WL 209349 (D.N.J. Jan. 24, 2012) .......... 12, 13

*Pathfinder Mgmt., Inc. v. Mayne Pharma, PTY*, Civil Action No. 06-CV-2204 (WJM), 2008 WL 3192563 (D.N.J. Aug. 5, 2008) .......... 9

*Polycast Tech. Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926 (S.D.N.Y. 1989) .......... 9

*Rothberg v. Marger*, Civil No. 11-5497 (RBK/KMW), 2013 WL 1314699 (D.N.J. Mar. 28, 2013) .......... 7

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 (3d Cir. 1984) .......... 7

*Southward v. Elizabeth Bd. of Educ.*, Civ. No. 15-3699 (KM), 2017 WL 4392038 (D.N.J. Oct. 2, 2017) .......... 7, 8

*Stichting Pensioenfonds ABP v. Merck & Co.*, Civil Action No. 05-5060 (SRC), 2012 WL 3235783 (D.N.J. Aug. 1, 2012) .......... 13

*Tarr v. Ciasulli*, 181 N.J. 70 (2004) .......... 12

*Worldwide Directories, S.A. de C.V. v. Yahoo! Inc.*, 14-cv-7349 (AJN), 2016 WL 1298987 (S.D.N.Y. Mar. 31, 2016) .......... 9

*Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276 (S.D.N.Y. 1991) .......... 8

**Statutes**

The Securities Exchange Act of 1934 (“Exchange Act”) § 10(b), 15 U.S.C. § 78j(b) .......... 2-3

Private Securities Litigation Reform Act of 1995 (“PSLRA”), 15 U.S.C. § 78u-4 .......... 1

N.J. Stat. Ann. 2C:41-2(c) .......... 6

N.J. Stat. Ann. 2C:41-2(d) .......... 6

**Rules**

Fed. R. Civ. P. 9(b) .......... 1, 7

Fed. R. Civ. P. 12(b)(6) .......... 1

**Restatements**

Restatement (Second) of Torts § 876(b) (Am. Law Inst. 1979) .......... 11

Defendant Deborah Jorn respectfully submits this memorandum in support of her partial motion to dismiss *Hound Partners Offshore Fund, LP, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-08705, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. In addition, Ms. Jorn joins in, adopts, and incorporates herein the arguments in the Memorandum of Law in Support of Certain Defendants' Partial Motion to Dismiss Plaintiffs' Complaint, dated May 22, 2018, filed by counsel for Valeant Pharmaceuticals International, Inc. ("Valeant" or the "Company"), *et al*. (the "Valeant Memorandum").

## PRELIMINARY STATEMENT

Plaintiffs' Complaint mentions Ms. Jorn in just six of its 575 paragraphs—three of which simply identify her position and dates of employment at Valeant—yet it purports to allege six counts against her, including violations under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO"). Out of the many related actions before this Court, this is the first one to assert state law claims against Ms. Jorn, but it appears Plaintiffs did nothing more than hastily add her name to these causes of action; they do not allege any new facts to support these new claims.

As a preliminary matter, all of the state law claims – which include common law claims for negligent misrepresentation and fraud as well claims under the NJ RICO statute –should be dismissed as to Ms. Jorn because they are all preempted by the Securities Litigation Uniform Standards Act ("SLUSA").

Each state law claim is deficient for other reasons as well. The NJ RICO claims have a simple, fatal flaw: in the 27 pages devoted to describing the nature of the purported NJ RICO enterprise and its participants, the Complaint ***does not once mention Ms. Jorn***. Either Plaintiffs simply forgot that they are asserting NJ RICO claims against Ms. Jorn as a "Management Defendant" or they realized that they have nothing to say to support the NJ RICO claims against her. The only substantive—though also deficient—allegation made against Ms. Jorn in the entire Complaint is that she made false and misleading statements on a single conference call. But statements on a single call cannot constitute a pattern of racketeering activity.

Additionally, Plaintiffs' other state law claims—claims for fraud and negligent misrepresentation—also fail. For these claims to survive a motion to dismiss, Plaintiffs must allege that they specifically relied on Ms. Jorn's statements. They have not done so. [1]

---

[1] Consistent with this Court's prior rulings, Ms. Jorn is not moving to dismiss the Section 10(b) claim against her. However, she notes that this Complaint contains even fewer allegations that could fairly be construed to constitute allegations of

The state law claims against Ms. Jorn should therefore be dismissed with prejudice.

## FACTS AS ALLEGED[2]

Ms. Jorn worked at Valeant for a portion of the alleged "Relevant Period," serving as Executive Vice President, Company Group Chairman and general manager of Valeant's U.S. dermatology business. (Compl. ¶ 27.) The Complaint defines the "Relevant Period" as January 4, 2013 through March 14, 2016. (Compl. ¶ 1.) Ms. Jorn joined Valeant in August 2013, when her then-employer, Bausch & Lomb, was acquired by Valeant. (Compl. ¶ 27.) She left the Company on March 2, 2016. (Compl. ¶¶ 27; 374.)

Apart from the allegations describing her job title and dates of employment, the Complaint alleges only that:

- Ms. Jorn made false and misleading statements (some of which are snippets of sentences) on a single conference call on May 28, 2014. (*See* Compl. ¶ 157.) The allegedly false and misleading statements related to patient

---

Ms. Jorn's scienter with respect to the Section 10(b) claim. Plaintiffs' claims against Ms. Jorn are based on her title, her dates of employment and a reference to her in a single email.

2 Ms. Jorn incorporates by reference the recitation of alleged facts in the Valeant Memorandum. The alleged facts set forth herein relate specifically to Ms. Jorn and are accepted as true solely for the purposes of this motion.

access programs and market share, either generally or with regard to specific products. (Compl. ¶ 157.)

- Ms. Jorn was referenced in a March 9, 2015 email, in which Ari Kellen, a Valeant Executive Vice President, informs Valeant CEO J. Michael Pearson that he (Kellen) suggested to Ms. Jorn that all district managers should meet to "go over the practices in each district where Philidor is working well and identify next [approximately] 10 practices where we should push harder to build it out." (Compl. ¶ 355.) Plaintiffs' ostensible purpose of citing the email in the Complaint is to attempt to support Plaintiffs' allegation that *Mr. Pearson* (not Ms. Jorn) personally monitored and directed Philidor's business.

Exclusive of this Complaint, Ms. Jorn has been named in 13 cases currently pending before this Court. In each one, there is a sole count alleged against her. While this Court currently has before it 13 other actions alleging state law claims, Ms. Jorn is not named in those complaints, despite the presence of other so-called Management Defendants. And, indeed, there is no mention of her in the relevant sections of this Complaint.

## ARGUMENT

### I. SLUSA Preempts Plaintiffs' State Law Claims

SLUSA preempts claims that "(1) make use of a procedural vehicle akin to a class action, and (2) allege a misrepresentation or deceptive device in connection

with a securities trade." *LaSala v. Bordier et Cie*, 519 F.3d 121, 128 (3d Cir. 2008). Earlier this year, this Court recognized that SLUSA preempted state-law claims in six related opt-out suits premised upon the same facts and legal theories as the Class Action. *See Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharm. Int'l, Inc.*, Civil Action Nos. 16-7321 (MAS) (LHG), 16-7324 (MAS) (LHG), 16-7328 (MAS) (LHG), 16-7494 (MAS) (LHG), 16-7496 (MAS) (LHG), 16-7497 (MAS) (LHG), 2018 WL 406046, at *5–6 (D.N.J. Jan. 12, 2018) ("*Discovery Global*").

For the reasons detailed in Valeant's Memorandum, and on the basis of this Court's prior decision, Plaintiffs' common law claims as well as claims under the NJ RICO statute should be preempted under SLUSA. *See* Valeant Memorandum at 7-11; *see also Discovery Global*; *Friedman v. JP Morgan Chase & Co.*, 15-cv-5899 (JGK), 2016 WL 2903273, at *15 (S.D.N.Y. May 18, 2016), *aff'd*, 689 F. App'x 39 (2d Cir. 2017) (dismissing plaintiffs' NJ RICO claim as precluded by SLUSA).[3]

## II. Plaintiffs' NJ RICO Claims Should Be Dismissed as to Ms. Jorn

There are also independent reasons to dismiss all the state law claims against Ms. Jorn. Despite its failure to mention Ms. Jorn in the 27 pages of the Complaint

---

[3] NJ RICO is modeled on its federal counterpart and therefore should be interpreted similarly. *See Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 510 (3d Cir. 2006).

detailing the purported racketeering enterprise (*see* Compl. ¶¶ 413–441), the Complaint alleges three NJ RICO claims against Ms. Jorn: a count for a primary violation under N.J. Stat. Ann. 2C:41-2(c), a count for conspiracy to commit racketeering under N.J. Stat. Ann. 2C:41-2(d), and a count for aiding and abetting racketeering in violation of N.J. Stat. Ann. 2C:41-2(c) and (d). Each of these three claims fails.

### A. Plaintiffs Do Not Allege a Primary Violation of NJ RICO

First, Plaintiffs do not come close to alleging a primary NJ RICO violation against Ms. Jorn. In order to state a claim for a violation of NJ RICO, plaintiffs must plead the following five elements: "(1) the existence of an enterprise; (2) that the enterprise engaged in or its activities affected trade or commerce; (3) that the defendant was employed by, or associated with the enterprise; (4) that he or she participated in [the conduct of] the affairs of the enterprise; and (5) that he or she participated through a pattern of racketeering activity." *Auto. Fin. Corp v. DZ Motors, LLC*, Civil Action No. 16-7955 (MAS) (DEA), 2017 WL 3176275, at *5 (D.N.J. July 26, 2017) (Shipp, J.) (quoting *Adorno-Bezares v. New Brunswick Dep't of Planning, Cmty., & Econ. Dev.*, Civil Action No. 11-151 (PGS), 2012 WL 4505339, at *5 (D.N.J. Sept. 27, 2012) (dismissing NJ RICO claim for failure to allege facts sufficient to demonstrate the presence of an enterprise or conduct that would qualify as predicate acts)); *Ford Motor Co. v. Edgewood Props., Inc.*, Civil

Action Nos. 06-1278, 06-4266 (HAA), 2009 WL 150951, at *10 (D.N.J. Jan. 20, 2009).

A NJ RICO claim based on allegations of fraud, as this one is, must be pled according to the heightened pleading standard of Rule 9(b). *See, e.g.*, *Southward v. Elizabeth Bd. of Educ.*, Civ. No. 15-3699 (KM), 2017 WL 4392038, at *13 (D.N.J. Oct. 2, 2017) ("NJRICO is a complex statute which, by its very nature, necessitates a certain level of specificity in pleading."); *Absolute Power Sys., Inc. v. Cummins, Inc.*, Civil Action No. 15-8539 (JBS/KMW), 2016 WL 6897782, at *5 (D.N.J. Nov. 23, 2016) (a complaint cannot "withstand a motion to dismiss simply through plaintiff's formulaic recitation of the statutory RICO elements"); *Galicki v. State*, Civil Action No. 14-169 (JLL), 2016 WL 4950995, at *22 (D.N.J. Sept. 15, 2016). The heightened pleading requirement in 9(b) aims to "safeguard defendants from spurious charges of immoral and fraudulent behavior." *Grant v. Turner*, 505 F. App'x 107, 111 (3d Cir. 2012) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). Moreover, because of the heightened stigma associated with RICO claims, "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Absolute Power Sys., Inc.,* 2016 WL 6897782, at *4 (quoting *Rothberg v. Marger*, Civil No. 11-5497 (RBK/KMW), 2013 WL 1314699, at *10 (D.N.J. Mar. 28, 2013)).

Furthermore, the elements of a RICO violation "cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint." *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 284 (S.D.N.Y. 1991) (quoting *Gregoris Motors v. Nissan Motor Corp. In USA*, 630 F. Supp. 902, 913 (E.D.N.Y. 1986) (dismissing for failure to plead predicate acts and discussing how "RICO is a specialized statute requiring a particular configuration of elements")). To satisfy the NJ RICO pleading standard, "plaintiffs must provide *each* defendant with *individual* notice – by *specific* factual allegations – of his or her purported participation in the racketeering enterprise." *Southward*, 2017 WL 4392038, at *13 (citing *Galicki v. State*, Civil Action No. 14-169 (JLL), 2015 WL 3970297, at *6 (D.N.J. June 29, 2015)); *see also Magnum v. Archdiocese of Philadelphia*, Civil Action No. 06-cv-2589, 2006 WL 3359642, at *9 (E.D. Pa. Nov. 17, 2006) (a plaintiff must allege "that *each* individual defendant engaged in two or more predicate offenses") (citations omitted). But, as noted above, Ms. Jorn is not even mentioned in the relevant section of the Complaint. And nowhere else in the Complaint do Plaintiffs sufficiently plead a "pattern of racketeering" committed by Ms. Jorn.[4]

The only fraudulent activity alleged anywhere in the Complaint as to Ms. Jorn is that she made allegedly false or misleading statements on a single

---

[4] As detailed in the Valeant Memorandum at 12-17, the Complaint also fails to sufficiently plead the existence of an enterprise.

conference call. (Compl. ¶ 157.) One predicate act does not a pattern make.[5] *See Galicki*, 2016 WL 4950995, at *26 (holding that a RICO claim based on lane closures over a five-day period was not a pattern for RICO purposes and "Plaintiffs are improperly attempting to slice up a single, short-lived event in order to create a RICO cause of action"); *Pathfinder Mgmt., Inc. v. Mayne Pharma PTY*, Civil Action No. 06-CV-2204 (WJM), 2008 WL 3192563, at *14 (D.N.J. Aug. 5, 2008) (finding that the sale of two separate entities accomplished in a single transaction through a single purchase agreement did not constitute a pattern of racketeering activity and any argument to the contrary had "no basis in the caselaw and defie[d] reason").

### B. Plaintiffs Do Not Allege Conspiracy to Commit Racketeering Activity

Plaintiffs also fail to plead that Ms. Jorn conspired to violate NJ RICO. "[A] RICO conspiracy has two separate elements: [1] an agreement to violate RICO and [2] the existence of an enterprise. The agreement to violate RICO itself has two aspects. One involves the agreement proper, that is, [a] an agreement to conduct or participate in the conduct of the affairs of the

---

[5] Even a single act that results in the violation of two laws—as Plaintiffs may argue Ms. Jorn's statements do—does not constitute two predicate acts. *See Polycast Tech. Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926, 945 (S.D.N.Y. 1989); *Worldwide Directories, S. A. de C.V. v. Yahoo! Inc.*, 14-cv-7349 (AJN), 2016 WL 1298987, at *8-9 (S.D.N.Y. Mar. 31, 2016) (sending draft opinions constitutes only one predicate act, even if the action violates two statutes).

enterprise. The other involves [b] an agreement to the commission of at least two predicate acts." *Ford Motor Co. v. Edgewood Props., Inc.*, Civil Action Nos. 06-1278 (ES), 06-4266, 08-774, 2012 WL 4172133, at *32 (D.N.J. Aug. 31, 2012) (alteration in original).

The Complaint merely recites the basic elements of the conspiracy claim, alleging that the members of the enterprise "agreed to facilitate the scheme described herein" and the "RICO Defendants personally committed or agreed to commit two or more. . . racketeering acts." (Compl. ¶¶ 568, 570.) "[T]he bare allegation of an agreement is insufficient to sustain a conspiracy claim." *See Michtavi v. United States*, 345 F. App'x 727, 731 (3d Cir. 2009) (dismissing a civil conspiracy claim); *The Knit With v. Knitting Fever, Inc.*, 625 F. App'x 27, 36 (3d Cir. 2015) (quoting *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998) (it "is not enough for a complaint to simply make 'conclusory allegations of concerted action but [be] devoid of facts actually reflecting joint action.'") (alteration in original)). Instead, Plaintiffs must allege facts that show *each defendant* objectively manifested an agreement to participate in a RICO enterprise through the commission of two or more predicated acts. *See The Knit With*, 625 F. App'x at 36. Plaintiffs have not done that as to Ms. Jorn.

### C. Plaintiffs Do Not Allege Aiding and Abetting NJ RICO

In order to sufficiently allege that a defendant aided and abetted a NJ RICO violation, a plaintiff must plead the existence of a wrongful act, the defendant's knowledge of the wrongful act and the defendant's provision of substantial assistance or encouragement in the commission of the wrongful act. *See Miller v. P.G. Lewis & Assoc.*, Civil No. 05-5641(FLW), 2007 WL 316446, at * 6 (D.N.J. Jan. 30, 2007); *see also* Restatement (Second) of Torts § 876(b) (Am. Law Inst. 1979). The Complaint does not contain any allegations that Ms. Jorn knowingly and substantially participated in the alleged enterprise. Again, Ms. Jorn is not even mentioned in the section of the Complaint concerning the NJ RICO claims. Plaintiffs instead rely on conclusory allegations that "[t]he RICO Defendants aided and abetted the [e]nterprise" and "willingly, and substantially participated in the [e]nterprise's fraudulent scheme." (Compl. ¶¶573, 574.) But these conclusory allegations are insufficient, as they fail to show *how* Ms. Jorn assisted the purported enterprise. *See Miller*, 2007 WL 316446, at *6 (failing to grant leave to amend complaint as to, *inter alia*, an aiding and abetting RICO claim because it would be futile where proposed amended complaint was "devoid of any evidence to show that 'assistance or encouragement' was given by [certain defendants] . . . , let alone 'substantial' assistance").[6]

---

6 As detailed in the Valeant Memorandum at 17-20, Plaintiffs' NJ RICO conspiracy and aiding and abetting claims also fail because the Complaint does not sufficiently plead the existence of an enterprise. *See Lightning Lube, Inc. v. Witco*

## III. Plaintiffs Fail to Plead the Reliance Necessary for Their Fraud and Negligent Misrepresentation Claims Against Ms. Jorn

Plaintiffs also allege state law causes of action against Ms. Jorn for common law fraud/fraudulent inducement and negligent misrepresentation. Both claims should be dismissed for failure to plead reliance on Ms. Jorn's statements.

Common law fraud in New Jersey consists of a material misrepresentation of fact, made with knowledge of its falsity and with the intention that the other party rely on the misstatement, resulting in reasonable reliance by that party and damages. *Inventory Recovery Corp. v. Gabriel*, Civ. No. 2:11-cv-01604 (WJM), 2012 WL 2990693, at *3 (D.N.J. July 20, 2012). The elements of negligent misrepresentation are essentially the same as those of common law fraud, except scienter is not required for a negligent misrepresentation claim and a duty to defendant is required.[7] *See Kaufman v. i-Stat Corp.*, 165 N.J. 94, 110 (2000); *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.*, Civil Action No. 10-148 (SRC), 2012 WL 209349, at *4 (D.N.J. Jan. 24, 2012). Both claims must also be pled with particularity. *See N.Y. Pipeline Mech. Contractors,*

---

*Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) (holding that conspiracy claims "necessarily must fail if the substantive [RICO] claims are themselves deficient"); *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004) (an independent wrong must exist in order for a claim for aiding and abetting liability to proceed).

7 As detailed in the Valeant Memorandum at 20-21, Defendants, including Ms. Jorn, did not owe any duty to Plaintiffs.

*LLC*, 2012 WL 209349, at *3-4; *Inventory Recovery Corp.*, 2012 WL 2990693, at *6.

Plaintiffs make no reference to Ms. Jorn in their allegations related to these claims. (Compl. ¶¶ 501-518.) Instead, they merely make sweeping, generalized allegations and cross-reference previous paragraphs from the Complaint. This is insufficient. *See Inventory Recovery Corp.*, 2012 WL 2990693, at *3, *6 (dismissing fraud and negligent misrepresentation claims because the plaintiff failed to "inject precision or some measure of substantiation" into its allegations and thus the complaint fell "far short of Rule 9's particularity requirement").

Because the "fraud-on-the-market theory of reliance is not available . . . a plaintiff asserting a fraud or misrepresentation claim must allege that [it] in fact received and considered public statements made by a defendant and was deceived by those statements and/or omissions." *Stichting Pensioenfonds ABP v. Merck & Co.*, Civil Action No. 05-5060 (SRC), 2012 WL 3235783, *17 n.11 (D.N.J. Aug. 1, 2012). In other words, specific reliance is required to state a claim for fraud or negligent misrepresentation. *See, e.g.*, *Kaufman*, 165 N.J. at 109 ("The element of reliance is the same for fraud and negligent misrepresentation.").

Plaintiffs rest their state law fraud claims on general, overbroad allegations of reliance. They never refer to Ms. Jorn's *specific* statements, but instead refer back to a reliance section that discusses fraud-on-the-market and that mentions

direct reliance only in relation to the statements of other defendants. (*See* Compl. ¶¶ 399–409.) Nowhere in the Complaint do Plaintiffs allege that they actually received, considered or relied on Ms. Jorn's May 28, 2014 conference call statements in making any of their purchases.

## CONCLUSION

For all of the foregoing reasons, Count IV, Count V, Count IX, Count X, and Count XI should be dismissed, with prejudice, as to Deborah Jorn.

Dated: New York, New York
May 22, 2018

SCHULTE ROTH & ZABEL LLP

By: /s/ Cara David
Barry A. Bohrer (admitted *pro hac vice*)
Michael L. Yaeger (admitted *pro hac vice*)
Cara David
Carly J. Halpin (admitted *pro hac vice*)

919 Third Avenue
New York, NY 10022
(212) 756-2000

*Attorneys for Defendant Deborah Jorn*